**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

LOUIS SCHWARZ, DORIS SCHWARZ,
JANICE HICKEY, HICKEY THOMAS,
BERNIE BROWN, ELIZABETH
HOLST, STEPHEN HOLST, JOHN
LANGLAIS, FRANCIS LANGLAIS,
PATRICIA SMART, ROBERT SMART,
RICHARD MCELWAIN, BYRON
ZIMMERMAN, SHIRLEY
ZIMMERMAN, JOHN WILSON,
CHARLES MARTIN, RANDALL
WALKER, EVELYN WALKER,
MAUREEN OSGOOD, CAROLE PAUL,
MARY KAY PICKERING, ANDREW
ST. JOHN, KAREN RUSSELL,
CLARENCE RUSSELL, RICHARD
WOODS, LINDA WOODS and ROBERT
MCDEVITT,

    Plaintiffs,

v.                                                                                                                                                                                         Case No:5:12-CV-177-Oc-34PRL

BOARD OF SUPERVISORS,
VILLAGES CHARTER SCHOOL, INC.,
VILLAGE CENTER COMMUNITY
DEVELOPMENT DISTRICT and
SUMTER LANDING COMMUNITY
DEVELOPMENT DISTRICT

    Defendants.

_____/

**REPORT AND RECOMMENDATION[1]**

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

This matter is before the court on Defendant Village Center Community Development District and Defendant Sumter Landing Community Development District's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 22), filed July 16, 2012, and Defendant The Villages Charter School, Inc. d/b/a The Villages Lifelong Learning College's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23), filed July 23, 2012. Plaintiffs filed responses in opposition. (Docs. 28 &29). The District Judge referred this matter to the undersigned for the preparation of a Report and Recommendation. (Doc. 40).

I. BACKGROUND[2]

This is an action for disability discrimination brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§12181, et seq. ("ADA") and the Fair Housing Act, 42 U.S.C. §3613 ("FHA"). All twenty-eight (28) plaintiffs are deaf residents of The Villages, a retirement community located in central Florida (the "Community). (FAC at ¶¶1-29, 36). Plaintiffs allege that they requested a qualified sign-language interpreter on numerous occasions, but their requests were denied, and, that without the aid of an interpreter, Plaintiffs have been unable to use, enjoy, or participate, equally and fully, in the services provided to the Community. (FAC at ¶36).

Plaintiffs have sued the Village Center Community Development District (the "Village Center District") and the Sumter Landing Community Development District ("Sumter District") – both of which oversee the operation of the Community, including its amenities, recreation, property management, community standards, public safety and finance departments. Plaintiffs allege that the Village Center District and the Sumter District (hereinafter collectively referred to

---

[2] The background "facts" are taken from the First Amended Complaint (Doc. 19) (hereinafter referred to as "FAC"), and taken as true for purposes of these motions to dismiss.

as the "Districts") control and operate more than 1,200 recreation-sponsored clubs and more than 40 recreation facilities. (FAC at ¶¶30, 31).  Plaintiffs have also sued The Villages Charter School, Inc. (the "Charter School"), which is a Florida Charter School and part of the state's program for public education.  The Charter School does business as The Villages Lifelong Learning College and offers a 92-page course catalog to residents of the Community. Plaintiffs allege that the Districts and the Charter School failed to make reasonable accommodations for their disability in violation of both the ADA and FHA.  Plaintiffs seek injunctive relief, declaratory relief, and damages.

## II. STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Ashcroft* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951-52).

### III.  DISCUSSION

#### A. ADA Claims

##### 1. The Districts

In Count I of the FAC, *all of the Plaintiffs* assert a claim against the Districts for violations of the ADA and seek specific equitable remedies, as well as damages, including: a declaration that the Districts' actions and inactions violate the ADA; a preliminary and permanent injunction against the continued violation of the ADA, and directing the Districts to provide qualified sign-language interpreters to Plaintiffs upon reasonable demand; and such other and further relief as may be just, equitable and appropriate, including damages and an award of attorney's fees and costs.

To state a prima facie case of disability discrimination under Title II of the ADA, Plaintiffs must establish that (1) they are qualified individuals with a disability; (2) the Districts are public entities; and (3) they were denied the full and equal benefit of the services, programs, or activities. 42 U.S.C. §12132. Where, as here, Plaintiffs allege discrimination based on a public entity refusing to provide a reasonable accommodation, Plaintiffs must also allege that

they requested an accommodation (or the need for one was obvious) and the public entity failed to provide a reasonable accommodation. For purposes of the motion to dismiss, the Districts concede that Plaintiffs are qualified individuals under the ADA and that the Districts are public entities.

The Districts correctly point out that the majority of the alleged violations relate to accommodation requests made to the Charter School, and not the Districts. Indeed, the FAC includes only one specific accommodation request made to the Districts -- Plaintiff Byron Zimmerman's request for a qualified sign-language interpreter for a meeting of the Corvette Club. (FAC at ¶¶52-62). The FAC alleges that Byron Zimmerman received notice of a meeting for the Corvette Club from the Districts' Recreation Newsletter; the Corvette Club is part of the services provided by the Districts through the recreational department; the Corvette Club is offered only to residents of the Community and their guests; and Byron Zimmerman requested the Districts provide a qualified sign-language interpreter but the Districts denied his request.

The Districts contend that Plaintiffs have failed to state a claim because the Corvette Club meeting was held by a third-party and the third-party was not a "public entity."[3] While the Districts ultimately may be able to prevail on this argument, the issues related to the relationship between the Districts and the Corvette Club and the Districts' role in the denial of interpreters cannot be resolved on a motion to dismiss. Plaintiffs' allegations, which the Court must treat as true for purposes of the motion to dismiss, are sufficient to support a finding that the Districts were responsible for the denial of Byron Zimmerrnan's request for a sign language interpreter.

---

[3] A "public entity" is defined as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government."

In addition, although the FAC only alleges one specific accommodation request made to the Districts, the FAC further alleges that the Districts "denial of reasonable accommodations was intentional and is the product of a discriminatory policy the [Districts] ha[ve] adopted with respect to the deaf residents in the Community." (FAC at ¶58; *see also* ¶¶64-65). Specifically, the FAC alleges that on June 2010, John Rohan, the Recreation Director for the Districts, notified Plaintiff Louis Schwarz, that the Districts had no requirement to provide reasonable accommodations to the deaf residents in the Community with respect to the services. (FAC at ¶59). In a request to reconsider their policy, on or about August 18, 2012, Louis Schwarz sent the Districts an email from the Southwest ADA Center stating that the District's policy may not be in compliance with the Fair Housing Act. (FAC at ¶60). The Districts denied Louis Schwarz's request and on February 25, 2011, District Manager, Janet Tutt notified Louis Schwarz that based on the advice of their legal counsel, the Districts had no duty to provide accommodations to the deaf in connection to the Districts' services. (FAC at ¶¶61-62). Plaintiffs allege that by failing and refusing to accommodate the deaf as requested and failing or refusing to provide the deaf any accommodation at all, the Districts have discriminated against the deaf and continue to discriminate against the deaf in violation of the ADA. (FAC ¶74-75).

Taking the allegations of the FAC as true, the undersigned is satisfied that all of the Plaintiffs have adequately stated a claim for equitable relief under Rule 8(a)(2). Plaintiffs have provided sufficient allegations to establish, at this early stage of the proceedings, that they are disabled within the meaning of the ADA; the Districts are public entities; despite requests for the provision of interpreters, the Districts have refused and will continue to refuse to provide a reasonable accommodation based on their discriminatory policy; and as a result, Plaintiffs have been or will be denied the full and equal benefit of the services, programs, or activities offered

by the Districts for the non-deaf residents. *See Connors v. West Orange Healthcare Dist.,* No. 6:06-cv-647-Orl-31KRS, 2005 WL 1500899, at *5 (M.D. Fla. June 23, 2005)(noting that courts have found violations of the ADA where public entities failed to provide sign language interpreters).

With respect to their individual claims for damages, however, only one Plaintiff (i.e., Bryon Zimmerman), has made specific allegations to support such a claim. Specifically, the Districts argue that Plaintiffs' claims for damages under the ADA should be dismissed because Plaintiffs have not alleged the requisite intentional discrimination. To recover compensatory damages under the ADA, a plaintiff must demonstrate "intentional discrimination or bad faith." *Badillo v. Thorpe*, 158 Fed. App'x 208, 214 (11th Cir. 2005). As to Byron Zimmerman, the FAC sufficiently alleges that the denial of an interpreter was intentional and the result of a discriminatory policy. Thus, Byron Zimmerman's claim against the Districts for damages under the ADA should survive the motion to dismiss.

However, the remaining Plaintiffs fail to state a claim for damages under Count I against the Districts because there are no sufficient allegations for purposes of Rule 8, Fed. R. Civ. P., that any of them requested an interpreter from the Districts or that such an accommodation request was denied by the Districts. Plaintiffs' broad and conclusory assertion (FAC at ¶ 36) that each of the Plaintiffs has made a request for an interpreter, without stating when such request was made, which plaintiff made the request, or (importantly) to which Defendant the request was made, cannot be said to satisfy the pleading standards set forth in *Ashcroft* and *Twombly*. In fact, such conclusory allegations are precisely the sort of allegations *Ashcroft* and *Twombly* sought to avoid. Accordingly, Plaintiffs' claims for damages against the Districts under the ADA should be dismissed, except for those of Byron Zimmerman.

*2. The Charter School*

In Count II of the FAC, seventeen of the Plaintiffs[4] assert a claim for violations of the ADA against the Charter School and seek remedies including: a declaration that the Charter School's actions and inactions violate the ADA; a preliminary and permanent injunction against the continued violation of the ADA, and directing the Charter School to provide qualified sign-language interpreters to Plaintiffs upon reasonable demand; and such other and further relief as may be just, equitable and appropriate, including damages to Plaintiffs and an award of attorney's fees and costs.

As noted above, the majority of the alleged violations in the FAC relate to accommodation requests made to the Charter School. Indeed, seventeen different plaintiffs, all of whom are deaf, allege specific instances in which they requested a qualified sign language interpreter for a course or event offered by the Charter School; their request was denied by a representative of the Charter School; and that as a result of the denial of the requested accommodation, they could not use, enjoy or participate in the course or event. (FAC ¶¶37-51, 66). These allegations are sufficient, at this stage in the case, to state a claim under the ADA.[5]

---

[4] The Plaintiffs include: Louis Schwarz, Doris Schwarz, Shirley Zimmerman, Thomas Hickey, Janice Hickey, Bernie Brown, Lynn Stirling, Stephen Holst, Elizabeth Holst, Robert Smart, Patricia Smart, John Wilson, Mary Kay Pickering, Clarence Russell, Karen Russell, Richard Woods, and Linda Woods.

[5] Without pointing to any legal authority, the Charter School argues that Count II should be dismissed because the FAC "does not contain any allegation that any of the 17 Plaintiffs asked for an alternative accommodation, or engaged the [Charter School] in any sort of discussion as to the availability of alternative accommodations." Doc. 23 at 5. However, whether a sign language interpreter is a reasonable accommodation or whether other alternative accommodations exist are factual disputes not properly resolved on a motion to dismiss.. *See e.g., See McCoy v. Texas Dept. of Criminal Justice*, No. C-05-370, 2006 WL 2331055, *7-9 (S.D. Tex. Aug. 9, 2006) (noting that the reasonableness of an accommodation is generally a question of fact not even appropriate for resolution on summary judgment).

The FAC also sufficiently alleges that the repeated denial of reasonable accommodations was intentional and the result of a discriminatory policy. (FAC at ¶¶37-51, 64-65). Thus, Plaintiffs' claim against the Charter School for damages under the ADA should also survive the motion to dismiss

### B. FHA claims

In Count III of the FAC, all Plaintiffs assert a claim against the Districts for violations of the FHA and seek remedies including: a declaration that the Districts' actions and inactions violate the FHA; a preliminary and permanent injunction against the continued violation of the FHA, and directing the Districts to provide qualified sign-language interpreters to Plaintiffs upon reasonable demand; actual and punitive damages; and such other and further relief as may be just, equitable and appropriate, including damages to Plaintiffs and an award of attorney's fees and costs.

The FHA was originally enacted to prohibit discrimination in housing practices on the basis of race, color, religion, or national origin. *Advocacy Center for Persons with Disability, Inc. v. Woodlands Estates, Ass'n, Inc.*, 192 F.Supp.2d 1344, 1347 (M.D. Fla. 2002). In 1988, Congress extended coverage to disabled persons to "prohibit practices that 'restrict the choices' of disabled persons to live where they wish or that 'discourage or obstruct [those] choices in a community neighborhood or development.'" *Id.*

The FHA provisions related to disability make it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of that person's handicap. 42 U.S.C. §3604(f)(2). Discrimination includes "a refusal to make reasonable accommodations in

rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(f)(3)(b).

To state a claim for reasonable accommodation discrimination under §3604(f)(3)(b), Plaintiffs must allege that (1) they are disabled or handicapped within the meaning of the FHA, (2) they requested a reasonable accommodation, (3) such accommodation was necessary to afford them an opportunity to use and enjoy their dwelling, and (4) the defendants refused to make the requested accommodation. *United States v. Hialeah Housing Authority*, 418 F.App'x 872, 876 (11th Cir. 2011); *Marton v. Lazy Day Property Owners Ass'n, Inc.*, No.2:10-cv-117-FTM-29DNF, 2011 WL 1232375, at *4 (M.D. Fla. March 30, 2011).

As discussed above, the FAC includes only one specific accommodation request made to the Districts -- Plaintiff Byron Zimmerman's request for a qualified sign-language interpreter for a meeting of the Corvette Club. (FAC at ¶¶52-62). Plaintiffs have not alleged any connection between the provision of a sign-language interpreter at the Corvette Club meeting and Zimmerman's use and enjoyment of his own dwelling. Instead, Plaintiffs argue that the FHA applies more broadly to the Community facilities and services connected to their homes. The Court, however, has not found – and quite tellingly, Plaintiffs have not cited – any case in which the FHA was applied to an activity or event that was completely unrelated to using or enjoying the plaintiff's dwelling. Because Plaintiffs have not provided sufficient facts (or law) to support a finding that the requested accommodation was necessary to afford Plaintiffs an opportunity to use and enjoy their dwellings, Plaintiffs' claim for violations of the FHA should be dismissed.

## IV.   RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

A.  Defendant ,Village Center Community Development District and Defendant, Sumter Landing Community Development District's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 22) should be **GRANTED** to the extent that Plaintiffs' claims for damages in Count I of the FAC should be dismissed, except for those of Byron Zimmerman, and Count III of the FAC should be dismissed.  Pursuant to Plaintiffs' request, and because amendment would not necessarily be futile, these claims should be dismissed without prejudice.  The motion should otherwise be **DENIED**.

B.  Defendant ,The Villages Charter School, Inc. d/b/a The Villages Lifelong Learning College's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23) should be **DENIED.**

Recommended in Ocala, Florida on November 21, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy