**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LOUIS SCHWARZ, DORIS SCHWARZ,
JANICE HICKEY, THOMAS HICKEY,
BERNIE BROWN, ELIZABETH HOLST,
STEPHEN HOLST, JOANNA LANGLAIS,
FRANCIS LANGLAIS, PATRICIA SMART,
ROBERT SMART, RICHARD MCELWAIN,
BYRON ZIMMERMAN, SHIRLEY
ZIMMERMAN, JOHN WILSON, CHARLES
MARTIN, RANDALL WALKER, EVELYN
WALKER, MAUREEN OSGOOD,
CAROLE PAUL, MARY KAY PICKERING,
ANDREW ST. JOHN, KAREN RUSSELL,
CLARENCE RUSSELL, RICHARD
WOODS, LINDA WOODS, ROBERT
MCDEVITT, and LYNN STIRLING,

    Plaintiffs,

vs.        Case No. 5:12-cv-177-Oc-34PRL

THE VILLAGE CENTER COMMUNITY
DEVELOPMENT DISTRICT, SUMTER
LANDING COMMUNITY DEVELOPMENT
DISTRICT, and THE VILLAGES CHARTER
SCHOOL, INC., d/b/a The Villages Lifelong
Learning College,

    Defendants.
_____/

**ORDER**[1]

**THIS CAUSE** is before the Court on Magistrate Judge Philip R. Lammens' Report and

Recommendation (Doc. No. 44; Report) entered on November 21, 2012. In the Report, Judge

---

[1] The Court has corrected the case style to reflect the parties in the Amended Complaint, and will direct the Clerk of the Court to update the docket accordingly.

Lammens recommends that the motions to dismiss Plaintiffs' First Amended Complaint (Doc. No. 19; Amended Complaint) filed by Defendants Village Center Community Development District and Sumter Landing Community Development District ("Districts") (Doc. No. 22; Districts' Motion) and Defendant The Villages Charter School, Inc. ("Charter") (Doc. No. 23; Charter Motion) be denied, in part, and granted, in part.  On December 12, 2012, Plaintiffs filed Plaintiffs' Objection to Magistrate Judge's Report and Recommendation (Doc. No. 51; Objection).  Defendant Districts then filed a Response in Opposition to Plaintiffs' Objection to Magistrate Judge's Report and Recommendation (Doc. No. 55; Response to Objection).  Although Defendants apparently voiced no objection to Plaintiffs filing a Motion to Strike (Doc. No. 56; Motion to Strike) the Response to Objection as being untimely, Defendants later filed a memorandum opposing the Motion to Strike (Doc. No. 57; Opposition to Motion to Strike). Because the Court undertook its review of the Report before Defendants filed the Opposition to Motion to Strike, and because consideration of the Response to Objection would not alter the Court's resolution of the pending motions, the Court will grant the Motion to Strike.

Turning to the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Plaintiffs object to Judge Lammens' recommendation that, with the exception of Plaintiff Byron Zimmerman, Plaintiffs' Count I claims for damages against the Districts under the Americans With Disabilities Act (ADA) should be dismissed. In discussing the objection to Count I, the Court will refer to the effected Plaintiffs as the "Objecting Plaintiffs." In the Report, Judge Lammens concludes that the Objecting Plaintiffs fail to state a claim for damages under Count I against the Districts because they do not present sufficient allegations of intentional discrimination for purposes of Rule 8, Federal Rules of Civil Procedure (Rule(s)). Specifically, Judge Lammens finds that the Objecting Plaintiffs fail to allege "that any of them requested an interpreter from the Districts or that such an accommodation request was denied by the Districts." Report at 7. In their Objection, the Objecting Plaintiffs submit that the Magistrate Judge erred in recommending dismissal of their claims because he did not apply the futility doctrine. See Objection at 3. They contend that the futility doctrine, under the ADA, does not require each Plaintiff to specifically allege that he or she made an accommodation request and that the request was denied. See id. Instead, the Objecting Plaintiffs suggest that "it is sufficient for the discriminated party to allege that the covered entity has essentially foreclosed the opportunity for reasonable accommodations under the ADA." Id. Additionally, the Objecting Plaintiffs draw the Court's attention to the particular paragraphs in the Amended Complaint which they believe "sufficiently alleged the existence of a discriminatory policy that made all requests for accommodations futile." Id. at 4.

Although not cited by the Objecting Plaintiffs, the Court finds some support for the proposition that the futile gesture exception may be applicable in cases such as this. In

Resnick v. Magical Cruise Co., Ltd., 148 F.Supp.2d 1298, 1302 (2001),[2] the trial judge held that the plaintiffs could avail themselves of the futile gesture exception if they had actual notice that a person or organization did not intend to comply with ADA provisions. According to Resnick, a plaintiff may have actual notice by either having "encountered discrimination or having learned of the alleged violations through expert findings or personal observation." Resnick, 148 F.Supp.2d at 1302 (citing to Parr v. L & L Drive-Inn Rest., 96 F.Supp.2d 1065, 1081 (D. Haw. 2000)). Whether a plaintiff has the requisite actual notice to invoke the futility doctrine is a fact specific inquiry to be determined from the evidence. Id. at 1303.

A review of the Amended Complaint reveals that the Objecting Plaintiffs have failed to provide an adequate basis for the Court to assess the applicability of the futile gesture doctrine even at the pleading stage. Indeed, the Objecting Plaintiffs made no attempt to plead futility in the Amended Complaint. Of the 27 Objecting Plaintiffs who assert claims for damages in Count I, only one, Louis Schwarz, comes close to attempting to allege a basis for the application of the futile gesture doctrine. Schwarz' allegation is found in paragraph 62 of the Amended Complaint, which states that "months of discussion regarding the CDD's discriminatory policy continued to take place until on or about February 25, 2011, when the District Manager, Janet Tutt, effectively notified Louis [Schwarz] that based on the advice of her legal counsel, the CDD had no duty to provide accommodations to the Deaf in connection to the CDD Services." Amended Complaint at 19. Even if this allegation is sufficient to raise

---

[2]"Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the futile gesture doctrine as to Schwarz, without more, it is insufficient to invoke the doctrine for the benefit of all of the Objecting Plaintiffs.

Additionally, the Court notes that in responding to the Districts' Motion, see Plaintiffs' Response to Districts' Motion to Dismiss (Doc. No. 29; Response to Districts' Motion), no Plaintiff presented argument regarding the application of the futility doctrine. Instead, all Plaintiffs argued that the allegations of the Amended Complaint "clearly spell out the most recent incident" and "nothing in the federal pleading requirement [ ] impels the Plaintiffs to do anything more." Id. at 3. Although Plaintiffs referenced the futility doctrine in a footnote citing to 42 U.S.C. § 12188(a)(1),[3] they did not address the applicability of § 12188(a)(1) to this action. Instead they made the conclusory observation that Plaintiffs are "invoking this right given the systematic and categorical refusal to provide interpreters." Id. at 3. However, Plaintiffs failed to discuss how the conclusory allegations set forth in the Amended Complaint were sufficient, even under a notice pleading standard, to invoke the futile gesture exception. Moreover, the broad reference to the "systematic and categorical refusal" was insufficient to address the question of whether or which Objecting Plaintiff had the "actual notice" necessary to apply the futile gesture exception.

Plaintiffs Response to Districts' Motion did not provide a basis for either the Defendants or the Magistrate Judge to consider the applicability of the futility doctrine. As Plaintiffs did not raise the argument of futility before the Magistrate Judge, this Court will not consider the newly raised argument of futility in Plaintiffs' Objection to the Report. Williams v. McNeil, 557 F.3d

---

[3]As this particular provision derives from Title III, Public Accommodations and Services Operated by Private Entities, of the ADA, the Court does not yet make a determination regarding its applicability to the Title II, Public Services, claims involved in the instant case.

1287, 1292 (11th Cir. 2009) (holding that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge). Thus, given the absence of allegations in the Amended Complaint raising the futile gesture doctrine, and the absence of argument in response to the Districts' Motion, the Court declines to speculate as to whether the Objecting Plaintiffs might sufficiently allege a claim for damages under the ADA, and finds the Magistrate Judge's recommendation that the claims in Count I should be dismissed is due to be adopted. Nevertheless, the Court recognizes that in an amended complaint, the Objecting Plaintiffs may be able to provide the necessary allegations to invoke the futility doctrine, as such the Court will dismiss these claims without prejudice and will allow Plaintiffs to file a second amended complaint.

As to Count III, all Plaintiffs object to Judge Lammens' recommendation that their claims for violations of the Fair Housing Act (FHA) be dismissed. In his Report, Judge Lammens recommends dismissal of Count III "because Plaintiffs have not provided sufficient facts (or law) to support a finding that the requested accommodation was necessary to afford Plaintiffs an opportunity to use and enjoy their dwellings." Report at 10. In their Objection, Plaintiffs contend that the Magistrate Judge erred in determining that the Districts' "services were connected to community facilities and not the Plaintiffs' dwellings." Objection at 4. However, Plaintiffs have misstated Judge Lammens' Report with this contention, as Judge Lammens only found that Plaintiffs failed to allege any connection of the services to Plaintiffs' dwellings. Report at 10. Judge Lammens makes no recommendation regarding the existence of a connection of the services to either community facilities or Plaintiffs' dwellings because there are not sufficient facts to do so. As with Count I, Count III lacks sufficient allegations in

the Amended Complaint to support a claim.  As such, the Court overrules Plaintiffs' Objection and finds that Count III is due to be dismissed, without prejudice.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby **ORDERED**:

1. The Motion to Strike Defendants Village Center Community Development District and Sumter Landing Community Development District's Response in Opposition to Plaintiffs' Objection to the Report and Recommendation (Doc. No. 56) is **GRANTED**.

2. Plaintiffs' Objection to Magistrate Judge's Report and Recommendation (Doc. No. 51) is **OVERRULED**.

3. Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. No. 44) is **ADOPTED** as the opinion of the Court, and Defendants' Motions to Dismiss Plaintiffs' Amended Complaint (Doc. Nos. 22 and 23) are **GRANTED, in part, and DENIED, in part**.

    A. With regard to Count I, Defendant Districts' Motion to Dismiss Amended Complaint is **GRANTED**, in that, with the exception of the claims of Plaintiff Byron Zimmerman, the claims in Count I as to the remaining Plaintiffs are **DISMISSED, WITHOUT PREJUDICE**.

      B.      With regard to Count III, Defendant Districts' Motion to Dismiss Amended Complaint is **GRANTED**, and the claims in Count III are **DISMISSED, without prejudice**.

      C.      Defendant Districts' Motion to Dismiss Amended Complaint is otherwise **DENIED**.

4. Defendant Charters' Motion to Dismiss Amended Complaint (Doc. No. 23) is **DENIED**.

5. Plaintiffs shall have up to and including **April 11, 2013**, to file a Second Amended Complaint.

6. The Clerk of the Court is directed to update the Court docket to reflect the proper parties identified in the case style of this Order.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of March, 2013.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

i19
Copies to:

Counsel of Record

The Honorable Philip R. Lammens
United States Magistrate Judge