**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**LOUIS SCHWARZ, DORIS SCHWARZ,
JANICE HICKEY, THOMAS HICKEY,
BERNIE BROWN, ELIZABETH
HOLST, STEPHEN HOLST, JOANNA
LANGLAIS, FRANCIS LANGLAIS,
PATRICIA SMART, ROBERT SMART,
RICHARD MCELWAIN, BYRON
ZIMMERMAN, SHIRLEY
ZIMMERMAN, JOHN WILSON,
CHARLES MARTIN, RANDALL
WALKER, EVELYN WALKER,
MAUREEN OSGOOD, CAROLE PAUL,
MARY KAY PICKERING, ANDREW
ST. JOHN, KAREN RUSSELL,
CLARENCE RUSSELL, RICHARD
WOODS, LINDA WOODS, ROBERT
MCDEVITT and LYNN STIRLING,**

      **Plaintiffs,**

**v.**                                          **Case No: 5:12-cv-177-Oc-34PRL**

**THE VILLAGES CHARTER SCHOOL,
INC., THE VILLAGE CENTER
COMMUNITY DEVELOPMENT
DISTRICT and SUMTER LANDING
COMMUNITY DEVELOPMENT
DISTRICT**

      **Defendants.**

_____

## ORDER

    This matter is before the Court on Plaintiffs' Motion for Leave of Court to Add Parties

and to File Third Amended Complaint.  (Doc. 83).  Defendant, The Villages Charter School, Inc.

("College") filed a response in opposition (Doc. 88), to which Plaintiffs filed a reply.  (Doc. 88).

Plaintiffs represent that Defendants, the Village Center Community Development District and

the Sumter Landing Community Development District (collectively referred to as the "CDD") have no objection to the motion.  Also pending is the parties' Joint Motion to Extend Certain Pre-Trial Deadlines.  (Doc. 91).

Plaintiffs, who are deaf residents of the Villages, Florida, brought this action against Defendants for injunctive relief and damages for violations of the Americans with Disabilities Act and the Fair Housing Act.  Kathleen McElwain, Herbert Pickering, Barbara Achin, Ronald Achin, Diane St. John, Kenny Hynes, and Mary Wilson (collectively referred to as "Permissive Plaintiffs") are also deaf residents of the Villages who wish to intervene and be joined as co-Plaintiffs in this matter.  Although Plaintiffs seek leave to add the Permissive Plaintiffs well after the deadline to add parties (*see* Doc. 35), Defendants have no objection to extending the deadline so that the Permissive Plaintiffs can be joined in this matter.  (Doc. 83 at ¶22).  The Court agrees that joinder of the Permissive Plaintiffs is proper for reasons of judicial economy, the avoidance of multiplicity of suits against Defendants, and the avoidance of inconsistent verdicts. Accordingly, Plaintiffs' request to join the Permissive Plaintiffs is due to be **GRANTED**.

Plaintiffs also seek leave to file a Third Amended Complaint to correct scrivener's errors found in the Second Amended Complaint; clarify allegations in the Second Amended Complaint; add the allegations of the Permissive Plaintiffs against all Defendants; and add counts for violations of the Rehabilitation Act against all Defendants.  The deadline for amending pleadings has long since passed.  (Doc. 35).

The College contends that Plaintiffs should not be permitted to file a Third Amended Complaint adding new substantive claims under the Rehabilitation Act.  Where, as here, the requested amendment occurs after the deadline has expired in the Court's Case Management and Scheduling Order, the party requesting the amendment must first make a showing of good cause

pursuant to Fed. R. Civ. P. 16(b), before the Court will consider whether the amendment is proper under Fed. R. Civ. P. 15(a).  *Sosa v. Airprint Sys., Inc.* 133 F.3d 1417, 1419 (11th Cir. 1998).  To establish good cause to modify a scheduling order to amend a pleading, the moving party must demonstrate diligence.  *Id.* at 1418.  Here, Plaintiffs have shown the requisite good cause.  Although the parties offer conflicting arguments as to whether Plaintiffs should have investigated and asserted their Rehabilitation Act claims sooner, the Court is satisfied that Plaintiffs acted with sufficient diligence in bringing the claims.

The amendment is also proper under Rule 15(a).  Pursuant to Rule 15(a), "leave shall be freely given when justice so requires."  In making the determination, "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."  *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982)(*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The College argues that Plaintiffs unduly delayed in filing the motion and that allowing a substantive amendment would cause prejudice in light of the upcoming discovery deadline.  However, as discussed above, the Court is satisfied that Plaintiffs diligently sought leave to add the Rehabilitation Act claims.  Moreover, any prejudice suffered by allowing a substantive pleading at this late stage is remedied by extending the discovery deadline.  Finally, the College argues that Plaintiffs' attempt to add a claim under the Rehabilitation Act is futile because the Rehabilitation Act does not apply to the College.  The determination as to whether the Rehabilitation Act applies to the College – an issue that the parties hotly dispute – is more appropriate for a motion to dismiss, not a motion for leave to amend.  Accordingly, the Court rejects the College's futility argument at this time,

without prejudice to the College's right to reassert the argument in response to the Third Amended Complaint.

Accordingly, Plaintiffs' Motion for Leave of Court to Add Parties and to File Third Amended Complaint (Doc. 83) is **GRANTED**.  Within **five (5) days** of this Order, Plaintiffs shall file the Third Amended Complaint as a separate docket entry and serve it.  Defendants shall respond to the Third Amended Complaint within the time frame provided by the Federal Rules of Civil Procedure.

Based upon this ruling, the parties' Joint Motion to Extend Certain Pre-Trial Deadlines (Doc. 91) is also due to be **GRANTED** to the extent stated below.  Although the Court agrees that extensions of case deadlines are appropriate, the requested extensions are excessive. Accordingly, the following deadlines hereby are **ESTABLISHED (notably, the parties may obtain a date certain for trial in the Ocala Courthouse by consenting to the jurisdiction of the undersigned):**

| | |
|---|---|
| Plaintiffs' Deadline to Disclose Expert Reports | January 7, 2014 |
| Defendants' Deadline to Disclose Expert Reports | February 7, 2014 |
| Discovery Deadline | April 4, 2014 |
| Dispositive and *Daubert* Motion Deadline | May 2, 2014 |
| All Other Motions including Motions in Limine | September 8, 2014 |
| Joint Final Pretrial Statement | September 15, 2014 |
| Final Pre-Trial Conference | September 22, 2014<br>10:00 a.m. |
| Trial Term Beginning | October 6, 2014<br>9:30 a.m. |

**THE COURT WILL GRANT NO FURTHER EXTENSIONS OR REQUESTS FOR AMENDMENT ABSENT EXTRAORDINARY CIRCUMSTANCES**.

      **DONE** and **ORDERED** in Ocala, Florida on October 17, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties