**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

LOUIS SCHWARZ, et al.,

                Plaintiffs,

vs.                                      Case No.  5:12-cv-177-Oc-34PRL

THE VILLAGES CHARTER SCHOOL, INC.,
d/b/a The Villages Lifelong Learning College,
et al.,

                Defendants.

_____/

## O R D E R

       This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. No. 185; Motion) filed on October 30, 2015.  In the Motion, Plaintiffs seek reconsideration of this Court's Order (Dkt. No. 182) on the summary judgment motions.  See Motion at 1. Specifically, Plaintiffs assert that if the Court had not overlooked material factual and legal information, it would have concluded that the Districts should be liable for the actions of the Resident Lifestyle Groups under Title II of the Americans with Disabilities Act.  See generally id.  Defendants filed a response on November 12, 2015.  See The Village Center Community Development District, and Sumter Landing Community Development District's Response to Plaintiffs' Motion for Reconsideration (Dkt. No. 186; Response).  In the Response, these Defendants argue that the Motion should be denied because Plaintiffs have failed to show a change in the law, new evidence, or any error by the Court which would warrant reconsideration.  See generally Response.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e), which affords the Court substantial discretion to reconsider an order which it has entered.  See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000);  O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).  "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).  This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999).  For example, reconsideration may be appropriate where "the Court has patently misunderstood a party."  O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

Rule 59(e), however, cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued."  O'Neal, 958 F.2d at 1047 (quotations and citations omitted).  Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'"  American Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays, 122 F.3d at 46 ("a motion to reconsider should not be used by the parties to set forth new theories of law").  As such, the Eleventh Circuit has held that the "[d]enial of a motion for reconsideration is especially sound

when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted).  Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Upon review of the Motion and Response, the Court determines that the Motion is due to be denied.  Accordingly, it is hereby

**ORDERED**:

Plaintiffs' Motion for Reconsideration (Dkt. No. 185) is **DENIED**.

**DONE AND ORDERED** in Chambers, this 17th day of November, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record