# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

LOUIS SCHWARZ, et al.,

        Plaintiffs,

                                 Case No. 5:12-cv-177-Oc-34PRL

vs.

THE VILLAGES CHARTER SCHOOL, INC.,
d/b/a The Villages Lifelong Learning
College, et al.,

        Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Response to Order to Show Cause (Doc. 183; Response to OTSC), filed on October 2, 2015. Defendants, the Village Center Community Development District and Sumter Landing Community Development District (the Districts), filed a reply to Plaintiffs' Response to OTSC on October 19, 2015. <u>See</u> Defendants The Village Center Community Development District and Sumter Landing Community Development District's Reply to Plaintiffs' Response to Order to Show Cause (Doc. 184; Reply). Accordingly, this matter is ripe for review.

## I.  Background[1]

On October 18, 2013, Plaintiffs filed a Third Amended Complaint (Doc. 93; Complaint) against the Districts generally asserting that the Districts have failed to provide

---

[1] For ease of reference, the Court will employ in this Order the same defined terms utilized in its October 2, 2015 Order (Doc. 182; Summary Judgment Order). The Court presumes that the reader has read that Order and is familiar with the factual background and legal claims at issue in this case. Additionally, the Court notes that Plaintiffs' claims against Defendant The Villages Charter School, Inc. d/b/a The Villages Lifelong Learning College are not relevant to the issues addressed in this Order, and the Court will not discuss them here.

sign language interpreters or other reasonable accommodations so that Plaintiffs can fully enjoy and participate in the Districts' programs, activities, and services.  See generally Complaint.  On March 14, 2015, the Districts filed a "Dispositive Motion" for summary judgment "on all claims" in which they requested that the Court enter "final summary judgment" in their favor.  See Motion at 1, 55 (emphasis added).  The Districts began their Motion with a section called "Nature of Claim and Present Status" in which they described the lawsuit as follows: "This is a lawsuit by 34 hearing impaired residents of The Villages against the Districts asserting the Districts are obligated under federal law to provide sign language interpret[ers] as an accommodation so they may participate in volunteer club activities held in facilities of the Districts."  See id. at 2 (emphasis added).  The Districts further maintained that although Plaintiffs brought claims under three distinct statutes, "the issue herein is simply whether the Districts have a legal obligation to provide sign language interpreters for meetings or activities conducted by Volunteer Lifestyle Groups."  Id. at 39.  The Districts took the position that they had no such legal obligation based on evidence of their limited relationship to the RLGs.  Notably, the Districts also acknowledged that they did have an obligation to provide accommodations for District-sponsored events and presented evidence that it is the Policy of the Districts to provide accommodations at such events.  See Rohan Aff., Ex. B at 11; Rohan Aff., Ex. C at 11; Exhibit 3 to Tutt Dep. II at 11 (Doc. 144-3, Exhibit 3; Tutt Dep. II, Ex. 3); Tutt Dep. I at 74-75; Rohan Dep. I at 54; Tutt Dep. II at 90.  Indeed, they further presented testimony that the "Districts have provided, and will continue to provide [upon request], sign language interpreters for all activities which they sponsor . . . ."  See Tutt Aff. ¶ 18.  As such, the Districts argued that there were

no issues of material fact regarding the alleged ADA, RA, or FHA violations, id. at 45, 50, 51, and requested that the Court enter "final summary judgment" on their behalf. Id. at 55.

Plaintiffs responded to the Districts' Motion on April 13, 2015. See Response (Doc. 140).  In their Response, Plaintiffs' Introduction states that:

> This is a disability discrimination case brought by thirty-four deaf residents of The Villages . . . .  The residents seek to participate in Resident Lifestyle Groups, which are interest-based clubs that Defendants encourage, regulate, and fund. . . .
>
> Defendants essentially argue that residents of The Villages, acting on their own, formed approximately 2000 independent clubs, and that it was these group of private citizens that denied accommodations to the Plaintiffs. Plaintiffs will show that Defendants' argument is disingenuous as a matter of fact, and incorrect as a matter of law.

Id. at 1 (emphasis added).  Plaintiffs then presented evidence and legal argument on the issue of whether the RLGs are "a service, program, or activity" of the Districts, such that the Districts are responsible for ensuring that the RLGs comply with the ADA, RA and FHA. See Response at 21.  Significantly, Plaintiffs did not endeavor to show that "Defendants' argument is disingenuous as a matter of fact" by presenting evidence that discrimination occurred not just at RLG activities, but at District-sponsored events as well. See generally Response.  Rather, Plaintiffs readily acknowledged the Districts' argument that "they are not liable under the ADA because it was private clubs that discriminated against Plaintiffs, not Defendants themselves," see Response at 26 (emphasis added), and, in responding to this argument, focused solely on the Districts' contention that the Districts were not responsible for the activities of the "private clubs." Id. at 26, 32, 35.  Plaintiffs offered multiple theories for why the Districts should be responsible for the RLGs, but at no point did Plaintiffs make the additional argument that, even aside from the RLGs, the Districts themselves discriminated against Plaintiffs by failing to provide reasonable

accommodations at events sponsored by the Districts directly.   Indeed, the Response contains no citations to any record evidence demonstrating that the Districts denied a request for accommodation for a District-sponsored event, not put on by an RLG.   Not only did Plaintiffs fail to point to evidence of discrimination at District-sponsored events, Plaintiffs cited to the Districts' affirmative policy of providing accommodations for such events.   See Response at 16 (citing July 17, 2014 Deposition of John Rohan (Doc. 144-5), Ex. 5).

While the Motion was pending, in accordance with the Court's deadlines, the parties filed a joint pretrial statement.   See Pretrial Statement (Doc. 171), filed August 20, 2015; Endorsed Order (Doc. 169).[2]   As part of the Pretrial Statement, Plaintiffs submitted their statement of the case.   See Pretrial Statement at 2-3.   In this statement, Plaintiffs described the Resident Lifestyle Groups and explained that:

> One aspect of The Villages' "Lifestyle" are Resident Lifestyle Groups, which are created through the Recreation Department . . . .
>
> Plaintiffs wish to participate in . . . the Groups . . . but cannot do so in a meaningfully equal manner because of their disability.   Consequently, Plaintiffs made requests of the Defendants for qualified American Sign Language ("ASL") interpreters for certain Group activities . . . in which they sought to participate. . . . The [Districts] denied these requests for accommodation outright.   The Districts claimed that, because the Groups are operated by "volunteers," they are not a "program or activity" of The Districts, and that, The Districts therefore have no responsibility for accommodating the Plaintiffs' disability.

See id. at 2.   Although, in other sections, the Pretrial Statement ambiguously refers to "Resident Lifestyle Activities, including Resident Lifestyle Groups," see Pretrial Statement at 12-13, Plaintiffs have consistently used the term "Resident Lifestyle Activities" to refer solely to the activities of the RLGs.   See Pretrial Statement at 7 ("Resident Lifestyle

---

[2] The Court's Case Management and Scheduling Order (Doc. 35; CMSO) explained that the joint pretrial statement must be filed in accordance with Local Rule 3.06, United States District Court, Middle District of Florida.   See CMSO at 5.

Activities are led by 'Volunteers' through the Resident Lifestyle Volunteer Program created by the Recreation Department."); Response at 6-9; <u>see</u> <u>also</u> Summary Judgment Order at 11 n.15.

On September 2, 2015, the Court held a Final Pretrial Conference during which the Court heard oral argument on the Motion. <u>See</u> Minute Entry (Doc. 177; Hearing). At the outset of the Hearing, the Court announced its inclination to rule against Plaintiffs on the issue of whether the RLGs are a program or service of the Districts, and offered Plaintiffs an opportunity to present argument on that issue. Prior to hearing that argument, as a mere point of clarification, the Court asked Plaintiffs' Counsel to confirm the Court's impression that, despite some of the broad language in the Complaint, Plaintiffs' claims were not premised on a failure to accommodate at District-sponsored events, separate from the RLGs. To the surprise of the Court and defense counsel, Plaintiffs responded to the contrary and stated that, although not the primary focus, failures to accommodate at District-sponsored events were included in their claims. When asked why they presented no argument or evidence regarding such claims in their Response, Plaintiffs contended that they had not addressed these claims because the Districts' Motion was premised on the RLGs. Notably, despite being before the Court for a pretrial conference to address <u>all</u> <u>claims</u> potentially going to trial, Plaintiffs were unable to cite to any specific evidence in the record to support allegations of discrimination at District-sponsored events, and as such, requested leave to file a supplemental brief on the matter. When the Court further inquired as to the absence from the Pretrial Statement of any reference to failures to accommodate at District-sponsored events, Plaintiffs took the position that those allegations were

encompassed by their Pretrial Statement and requested additional time to brief that issue as well.

Following the Hearing, the Court issued an Order to Show Cause directing Plaintiffs to show cause why the Court should not consider any claims premised on allegations of discrimination in District-sponsored activities (as opposed to RLGs) to be abandoned, in light of the failure to include any reference to such claims in the Pretrial Statement. See Order to Show Cause (Doc. 181; OTSC) at 1-2. In addition, the Court requested that Plaintiffs identify with specificity each Plaintiff that has claims of such discrimination and the evidence in the record to support such a claim. See id. at 2. The Court also gave the Districts an opportunity to respond to Plaintiffs' submission. Id.

## II.    Plaintiffs' Response and the Districts' Reply

In response to the Court's directive, Plaintiffs contend that to abandon a claim a party must manifest an intent to abandon through affirmative conduct. See Response to OTSC at 1. As such, Plaintiffs argue that they have not abandoned claims of discrimination at District-sponsored events because they never affirmatively indicated an intent to abandon, and in fact, obtained evidence in discovery to support the claims. See id. at 2-3. According to Plaintiffs, the Districts did not move for summary judgment on these claims and "Plaintiffs have thus been under no obligation to litigate them before trial." Id. at 3. Moreover, Plaintiffs assert that the Pretrial Statement sufficiently "alludes" to these claims such that they are preserved for trial, but regardless, the omission was unintentional and no prejudice would result from allowing Plaintiffs to amend the Pretrial Statement to mention those claims "more explicitly." Id. at 3.

In support of their request to amend the Pretrial Statement, Plaintiffs cite Local Rule 3.06(e), United States District Court, Middle District of Florida (Local Rule(s)), which provides that:

> All pleadings filed by any party prior to filing of the pretrial statement shall be deemed to be merged therein . . . . The pretrial statement . . . will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice.

See Response to OTSC at 4.  Plaintiffs maintain that allowing amendment here is in the "furtherance of justice" because the omitted claims "appeared in the Complaint and were developed in discovery," such that the Districts had sufficient notice.  Id. at 4-5.  Plaintiffs also cite Rule 15(b)(1), Federal Rules of Civil Procedure (Rule(s)), which provides that a court may allow a party to amend the pleadings if, at trial, "a party objects that evidence is not within the issues raised in the pleadings . . . ."  See id. at 6.  According to Plaintiffs, Local Rule 3.06(e) "indicates that a pretrial statement is to be treated as a pleading," such that Rule 15(b)(1) "provides an applicable tool that entitles Plaintiffs to amend" the Pretrial Statement.  Id.[3]  Last, Plaintiffs argue that the Court should allow Plaintiffs to amend the Pretrial Statement to include these issues because the Pretrial Statement must be

---

[3] Alternatively, Plaintiffs assert that Local Rule 3.06(e) is contrary to the Federal Rules of Civil Procedure, "under which the Complaint controls the claims that are alleged in the action," such that treating the claims as abandoned pursuant to Local Rule 3.06(e) would "deprive Plaintiffs of a right to assert their claims that they would otherwise have under the Federal Rules."  Id. at 6-7.  The Court finds that this argument is without merit.  See Delta Health Grp. Inc. v. Royal Surplus lines Ins. Co., 327 F. App'x 860, 867 (11th Cir. 2009) ("The pretrial order supersedes the pleadings.") (citing Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1012 (11th Cir. 1982)); Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1461-63 (11th Cir. 1998) ("[W]e cannot conclude in this instance that the district court's construction of the pretrial order—that is, that [plaintiff] abandoned his . . . claim by virtue of the pretrial stipulation—was unreasonable.  As observed by the district court, the pretrial stipulation does not reference [that claim] at any point."); see also Horowitch v. Diamond Aircraft Indus., Inc., No. 6:06-cv-1703-Orl-19KRS, 2009 WL 3790415, at *2-3 (M.D. Fla. Nov. 9, 2009).

amended anyway due to the Court's subsequent ruling on the summary judgment motions.[4] Id. at 7-8.

In their Reply, the Districts argue that the Pretrial Statement, in its current form, accurately reflects the claims alleged in the Complaint and addressed in discovery. See Reply at 3, 6. According to the Districts, Plaintiffs did not include claims of discrimination at District-sponsored events in the Complaint, but regardless, they abandoned any such claims by failing to include them in the Pretrial Statement. Id. at 3, 6-7. The Districts assert that, contrary to Plaintiffs' position, "affirmative conduct" is not necessary to a finding of abandonment such that, regardless of Plaintiffs' intent, the Court should deem those claims abandoned. See at 3-4. In addition, the Districts contend that they will suffer "severe unfair prejudice" if Plaintiffs are allowed to amend their Pretrial Statement because the parties litigated the case and conducted discovery based on the issue of whether the Districts were required to provide accommodations for the activities of the RLGs, as reflected in the Pretrial Statement. See id. at 6. The Districts maintain that Plaintiffs now seek to rely on allegations of discrimination at District-sponsored events "in ambush style and as a fallback after an adverse ruling that negated their overarching theory of the Districts' alleged liability." Id. at 7. As such, the Districts argue that "[a]llowing Plaintiffs to proceed on this novel theory of liability would require the reopening of discovery to allow the Districts to adequately investigate this theory of liability," resulting in "significant additional costs," and "substantial delay in resolution of this matter." Id. at 6-7.

---

[4] This argument is also unpersuasive given that, in light of the Court's findings on summary judgment, if the allegations regarding District-sponsored events are abandoned, then the Districts are entitled to final summary judgment in their favor, and there would be no need to file a pretrial statement as to those defendants.

## III.    Discussion

Before receiving the parties' submissions but desirous of resolving the issues fully developed at the Hearing without any further delay, the Court entered the Summary Judgment Order.  In doing so, in an abundance of caution because Plaintiffs suggested that they had limited their arguments in the Response to the claims of discrimination with regard to the RLG events, the Court similarly limited its analysis noting that the Court would address Plaintiffs' claims of discrimination at District-sponsored events separately.  <u>See</u> Summary Judgment Order at 22 n.25, 26.  Indeed, in a final footnote to the portion of the decretal granting, in full, the Districts' Motion for Summary Judgment, the Court stated:

> Although the Districts move for summary judgment as to 'all claims of the Plaintiffs', <u>see</u> Doc. 131 at 1, the substance of the Districts' motion is limited to Plaintiffs' claims regarding alleged discrimination with respect to the RLG activities and programs.  As such, the Districts' motion for summary judgment is due to be granted in its entirety.  However, because the Districts' motion does not address Plaintiffs' allegations regarding the alleged discrimination with respect to District-sponsored activities, this Order does not reach the merits of those claims.

<u>See</u> <u>id.</u> at 104 n.76.  Upon review of the record in this case and the applicable authority, the Court determines that its limitation of the claims addressed in the Districts' Motion, and as a result those addressed in the Order, was in error.  This is so because the record confirms the Court's impression, as expressed at the pretrial conference, that the Districts moved for summary judgment as to all of Plaintiffs' claims and in responding to that summary judgment motion Plaintiffs abandoned any allegations of failures to accommodate at District-sponsored events.  As such, the Court need not consider the parties' arguments regarding the effect of the absence of such claims in the Pretrial Statement.

Here, the Court finds that Plaintiffs' failure to present any arguments or evidence related to allegations of discrimination at District-sponsored events in the Response to the Districts' Motion for <u>final</u> summary judgment constitutes an abandonment of the issue. The Eleventh Circuit Court of Appeals instructs that "[w]hen a party moves for final, not partial, summary judgment, . . . 'it [becomes] incumbent upon the [nonmovant] to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in [the moving party's] favor.'" <u>Case v. Eslinger</u>, 555 F.3d 1317, 1329 (11th Cir. 2009) (third, fourth and fifth alteration in original) (quoting <u>Johnson v. Bd. of Regents of the Univ. of Ga.</u>, 263 F.3d 1234, 1264 (11th Cir. 2001)). "Failure to do so may result in waiver or abandonment of the issue." <u>Id.</u> Significantly, "[i]n opposing a motion for summary judgment, 'a party may not rely on his pleadings to avoid judgment against him.'" <u>Resolution Trust Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 599 (11th Cir. 1995) (quoting <u>Ryan v. Int'l Union of Operating Eng'rs, Local 675</u>, 794 F.2d 641, 643 (11th Cir. 1986)). Although Plaintiffs argue that they were not required to point to evidence of discrimination at District-sponsored events in their Response because the Districts did not specifically address that issue in the Motion, this argument was rejected by the Eleventh Circuit in <u>Case</u>. <u>See</u> <u>Case</u>, 555 F.3d at 1329; <u>see also</u> <u>Johnson</u>, 263 F.3d at 1264; <u>Resolution Trust</u>, 43 F.3d at 599.

In <u>Case</u>, the plaintiff alleged claims of false arrest and illegal seizure against the arresting officer and the sheriff. <u>See</u> <u>Case</u>, 555 F.3d at 1322. While the plaintiff's claims were primarily premised on his contention that the officer did not have probable cause to arrest him and seize his property, the plaintiff also alleged that the defendants wrongfully detained him after he posted bail, and stole his credit cards and money while he was held

in the jail.  See id. at 1324.  The defendants moved for summary judgment on the basis of

qualified immunity, and the district court granted the relief finding that the officer had

probable cause to arrest the plaintiff and seize the related property.  Id. at 1328.  On appeal,

the plaintiff argued that "the district court erred when it entered summary judgment without

addressing whether [the plaintiff's] detention following the arrest and the retention of his

seized property were unlawful."  Id. at 1328-29.  The Eleventh Circuit rejected this

argument finding that:

> When [the defendants] moved for summary judgment on "all claims" and
> argued that they were entitled to summary judgment against [the plaintiff's]
> complaints of false arrest and illegal seizure, [the plaintiff] was obliged to
> explain why the defendants were not entitled to qualified immunity about his
> detention and the retention of his property.  Although [the defendants] did
> not address issues of [the plaintiff's] detention and the retention of his
> property, [the plaintiff] could have raised those issues.  Because [the
> plaintiff] failed to do so, he "cannot readily complain about the entry of a
> summary judgment order that did not consider an argument [he] chose not
> to develop for the district court at the time of the summary judgment
> motions."

Id. at 1329 (internal citation omitted) (emphasis added) (last alteration in original) (quoting

Johnson, 263 F.3d at 1264).  The court explained that in opposing a motion for summary

judgment, a plaintiff cannot rely on facts contained in the complaint, but must counter the

defendant's factual showing by raising genuine issues of material fact.  Id. (citing Hutton v.

Strickland, 919 F.2d 1531, 1536-37 (11th Cir. 1990)).

    In this case, the Districts moved for final summary judgment on all claims against

them.  In doing so, they did not specifically discuss the allegations of discrimination at

District-sponsored events, likely because as the parties' Pretrial Statement reflects, they

did not interpret Plaintiffs' Complaint as asserting such claims.  But regardless, they

requested "final summary judgment" "on all claims."  See Motion at 1, 55.  As such, if

Plaintiffs intended to pursue claims of discrimination at District-sponsored events, Plaintiffs could and should have raised that issue and pointed to evidence precluding entry of summary judgment.  Instead of doing so, Plaintiffs acknowledged the Districts' affirmative policy of providing interpreters when requested and did not respond to the Districts' assertions that they have done so in the past and will continue to do so.

When the Districts moved for final, not partial, summary judgment on Plaintiffs' ADA, FHA, and RA claims, "it became incumbent upon [Plaintiffs] to respond by, at the very least, raising in their opposition papers any and all arguments . . . they felt precluded judgment in [the Districts'] favor."  <u>Johnson</u>, 263 F.3d at 1264.  Having failed to do so, Plaintiffs nonetheless asserted at the Hearing that final summary judgment in favor of the Districts would be inappropriate because the Complaint contained allegations that the Districts also failed to provide accommodations at District-sponsored events.  However, "[i]n opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him."  <u>Resolution Trust Corp.</u>, 43 F.3d at 599 (internal quotation omitted).  Although the Court inquired about the issue at the pretrial conference, the Court did so only to confirm the Court's impression, based on a careful reading of the Response, that Plaintiffs were not pursuing their claims based on allegations related to District-sponsored events, but the Court had no obligation to make this inquiry.  Indeed, it is not the Court's burden "to distill every potential argument that could be made based upon the materials before it on summary judgment."  <u>Id.</u>  "Rather, the onus is upon the parties to formulate arguments; <u>grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned</u>."  <u>Id.</u> (emphasis added).

No facts or arguments contained in Plaintiffs' Response can be construed as suggesting that Plaintiffs were pursuing claims of discrimination based on alleged failures to accommodate at District-sponsored events.  As such, the Court finds that Plaintiffs' failure to raise this aspect of their claims in response to the Districts' Motion for final summary judgment constitutes an abandonment of the issue.[5]  See Case, 555 F.3d at 1329; Johnson, 263 F.3d at 1264; Resolution Trust, 43 F.3d at 598-99; see also Anglers of the Au Sable v. U.S. Forest Serv., 565 F. Supp. 2d 812, 839 (E.D. Mich. July 10, 2008).

Because the Court determines that Plaintiffs abandoned their allegations of discrimination at District-sponsored events by failing to present any arguments or evidence on the matter in response to the Motion for final summary judgment, the Court need not address Plaintiffs' arguments as to the Pretrial Statement.  However, it bears noting that the Court has carefully reviewed the Pretrial Statement and finds the document devoid of any true reference to discrimination at District-sponsored events as a basis for Plaintiffs' claims.[6]  The Court is convinced that Plaintiffs had no intention of pursuing such allegations

---

[5] Plaintiffs cite Gailes v. Marengo County Sheriff's Department, 916 F. Supp. 2d 1238, 1243-44 & n.11 (S.D. Ala. 2013) for the proposition that abandonment of a claim requires some affirmative conduct manifesting an intent to abandon.  See Response to OTSC at 1-2.  However, the Gailes decision is not applicable to the facts at hand.  The analysis in Gailes is premised on the Eleventh Circuit precedent that a district court cannot "'base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.'"  See Gailes, 916 F. Supp. 2d at 1241 (quoting United States v. One Piece of Real Property, 363 F.3d 1099, 1101 (11th Cir. 2004)).  Based on this authority, the court refused to treat count II of the complaint, a claim for fraud, as abandoned simply because the plaintiff failed to address that claim in response to a motion to dismiss.  Id. at 1239, 43-44.  Instead, the court considered the merits of the motion to dismiss, although declining to make arguments the plaintiff could have raised but did not.  Id. at 1243-44.  Here, the Court is not treating Plaintiffs' ADA, RA, and FHA claims as abandoned.  Rather, the Court extensively analyzed the merits of those claims and determined that the Districts are entitled to summary judgment.  See Summary Judgment Order at 1-56.  However, in reaching this conclusion, the Court was not required to search the pleadings for any other factual allegations Plaintiffs made, but did not raise, in support of those causes of action.  Instead, as instructed in Case, Resolution Trust, and Johnson, the Court finds that Plaintiffs abandoned those factual allegations as a basis for their claims.

[6] The Court's review of the Pretrial Statement refutes Plaintiffs' assertion that allegations of discrimination at District-sponsored events are included in the claims to be tried.  See generally Pretrial Statement.  As noted, Plaintiffs' description of their claims relates only to the RLGs.  Moreover, and by way of example, the Court observes the following: 1) Plaintiffs stipulate that "The Districts provide accommodations, including portable

13

until they were faced with the prospect of final summary judgment against them on their claims against the Districts.[7]  In light of the foregoing, the Court will amend the October 2, 2015 Order and grant final summary judgment in favor of the Districts on Counts I, III and IV of the Complaint in their entirety.  Accordingly, it is

**ORDERED**:

To the extent the Court's October 2, 2015 Order (Doc. 182) did not address "Plaintiffs' allegations regarding the alleged discrimination with respect to District-

---

loop systems for individuals with hearing aids, for activities that are considered 'District-sponsored,' but not for those that are not considered 'District-sponsored,'" see id. at 8; 2) Plaintiffs stipulate that "It is the policy of the Districts to provide sign language interpreters, on request, for District sponsored activities.  The Districts will not provide sign language interpreters for Lifestyle group meetings," id.; 3) in specifying the issues that remain to be litigated with regard to the Districts, Plaintiffs list "Whether the Districts took steps to ensure that the Groups would and could comply with the requirements of the ADA," "Whether, due to their deafness, Plaintiffs are unable to access the Resident Lifestyle Activities, including the Groups, unless auxiliary aid accommodations are provided so they can comprehend what is being said," and "Whether the Plaintiffs seek to participate in Resident Lifestyle Groups," see id. at 12-14—but make no reference to compliance with the ADA for District-sponsored events, an inability to participate in District-sponsored events, or a desire to participate in District-sponsored events; and 4) in identifying issues of law that remain to be litigated with regard to the Districts, Plaintiffs refer exclusively to the RLGs with no mention of any issue of law remaining to be resolved as to District-sponsored events.  No reading of the Pretrial Statement prepared by the parties supports the suggestion that failures to accommodate at District-sponsored events were to be tried.

[7] Further, the Court finds that refusing to consider this issue will not result in a miscarriage of justice.  See Resolution Trust, 43 F.3d at 599.  Significantly, Plaintiffs gave no indication that they could or would support their statutory claims with evidence of discrimination at District-sponsored events until after the Court announced that it intended to rule against Plaintiffs as to the RLGs.  Plaintiffs made no mention of this aspect of their claims in the Pretrial Statement, and thus it appears that Plaintiffs did not intend to pursue this issue at trial.  Moreover, had Plaintiffs timely raised this argument in the summary judgment briefing, the Districts would have had the opportunity to present their arguments in rebuttal, and the Court could have considered the matter at that time.  Having spent substantial time and resources reviewing the voluminous record and resolving the complex legal arguments briefed on summary judgment, the Court declines to allow Plaintiffs to pursue their arguments in piecemeal fashion.

Notably, Plaintiffs readily acknowledge that the Districts have a formal policy of providing reasonable accommodations at District-sponsored events.  See Summary Judgment Order at 20-22.  Thus, these abandoned claims pertain to only a handful of incidents, involving six of the thirty-two Plaintiffs, where accommodations were allegedly denied at events purportedly sponsored by the Districts.  See Response to OTSC at 8-10; Reply at 8-17.  However, upon review of the evidence, it appears that several of these events were not actually "District-sponsored."  Moreover, the Court questions whether, given the Districts' actual policy, Plaintiffs' vague recollections of asking unidentified individuals for an interpreter would be sufficient to establish the deliberate indifference necessary to obtain compensatory damages.  See Summary Judgment Order at 98-100 (discussing the deliberate indifference standard).  Regardless, the Court will not decide the issue because these claims were abandoned.

sponsored activities," <u>see</u> Summary Judgment Order at 104 n.76, summary judgment is due to be granted in favor of the Districts as to those allegations.  As such, the Court will enter an amended Summary Judgment Order to grant **final** summary judgment in favor of the Districts on Counts I, III and IV of the Third Amended Complaint in their entirety.

      **DONE AND ORDERED** in Chambers, this 29th day of February, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties