**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

---

| | |
|---|---|
| LOUIS SCHWARZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE VILLAGES CHARTER SCHOOL, INC., et al.,<br><br>Defendants. | **5:12-CV-177-MMH-PRL**<br><br>**PLAINTIFFS' RENEWED OMNIBUS MOTION IN LIMINE** |

---

## INTRODUCTION

Plaintiffs, by and through their undersigned counsel, and pursuant to Local Rule 3.01 and to the Court's order dated October 5, 2016, move for an order in limine forbidding the Villages Charter School, Inc. from offering any opinion testimony from Jordan Cohen concerning whether Dragon NaturallySpeaking was a reasonable accommodation for deaf individuals, and declaring the same to be inadmissible;

## STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cessna Aircraft Co.*, 2010 U.S. Dist. LEXIS 53585, at *44 (S.D. Fla. May 6, 2010) (citation omitted). All evidence having any tendency to make a material fact more or less probable is admissible unless its probative value

is substantially outweighed by the danger of *unfair prejudice*, confusion, or misleading the jury. *See* Fed. R. Evid. 401, 403 (emphasis added).

## ARGUMENT

Federal Rule of Civil Procedure 26(2)(B)(i) requires that the expert report disclosed during discovery contain "a complete statement of all opinions the witness will express and the basis and reasons for them." As the expert report provided to Plaintiffs by Jordan Cohen during discovery did not contain an opinion that Dragon NaturallySpeaking was a reasonable accommodation, he cannot offer this opinion at trial. *See Sharpe v. United States*, 230 F.R.D. 452, 458 (E.D. Va. 2005) ("A failure to disclose the information required by Rule 26(a)(2)(B) results in an exclusion of the expert testimony at trial.")

"A 'complete statement' under Rule 26(a)(2)(B) 'must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor.'" *Schenone v. Zimmer Holdings, Inc.*, No. 3:12-cv-1046-J-39MCR, 2014 U.S. Dist. LEXIS 184131, at *56-60 (M.D. Fla. July 30, 2014) (quoting *Bowman v. Hawkins*, No. Civ.A. 04-00370-CG-B, 2005 U.S. Dist. LEXIS 43863, 2005 WL 1527677, at *2 (S.D. Ala. June 28, 2005)). In his report, Dr. Cohen concluded the following:

> "In short, ASR assisted speech recognition in a classroom situation is possible. As the Executive Director of the LiberatedLearning Consortium said to me, the system using ASR will work with dedicated lecturers. Reviews from pilot programs are positive, and they suggest substantial aid to both the hearing and non-hearing students, especially when combined with error-corrected transcripts provided after the fact."

Dr. Cohen's Expert Report, March 8, 2014, at 11. This statement is a far cry from concluding that Dragon NaturallySpeaking is a reasonable accommodation. In fact, nowhere in his report does Dr.

Cohen actually express the opinion that Dragon NaturallySpeaking is a reasonable accommodation for deaf individuals in a classroom setting. Therefore, Defendant should not be permitted to offer this undisclosed opinion at trial. *See Thames v. City of Pensacola*, 18 Fla. L. Weekly Fed. D 847 at *11 (U.S. N.D. Fla. 2005); *see also In re Welding Fume Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 146067, at *268-269 ("Having failed to offer these opinions in his written report, [the expert] was not allowed to offer them at trial.").

Additionally, blanketly concluding that Dragon NaturallySpeaking is a reasonable accommodation for deaf students in a classroom setting is simply not supported by anything contained in Dr. Cohen's report, and his report cannot be construed to include such an opinion. The majority of Dr. Cohen's report discusses how Automatic Speech Recognition ("ASR") works and how Dragon NaturallySpeaking functions compared to other ASR programs. Dr. Cohen focuses on the use of ASR in classroom settings, noting that ASR "can be a sensible assistance," and can "augment note taking by deaf and hearing impaired students in a classroom." Dr. Cohen's Expert Report, March 8, 2014, at p. 9. Importantly, Dr. Cohen relies upon the findings of the Liberated Learning project to support his opinions about the benefits of ASR in a classroom. *Id.* at pp. 8-10. However, the Liberated Learning project aims to make course content accessible to all students, and for students with disabilities, it has been used to assist these students with notetaking—not as a reasonable accommodation for deaf students to ensure meaningful access and effective communication. *See Students with disabilities experiences using a Hosted Transcription System,* at http://liberatedlearning.com/wp-content/uploads/2011/02/HTS_StudentExperiences_May_2013.pdf (last accessed on October 21, 2016). This aligns with the ultimate conclusion actually contained in Dr. Cohen's report – that ASR technology can *assist* students in a classroom. Again, concluding that ASR can assist students

is a far cry from concluding that Dragon Naturally Speaking is a reasonable accommodation that can provide effective communication for deaf students and meaningful access to the classes at the Lifelong Learning College as this conclusion requires an entirely different expertise and analysis.

In order for an auxiliary aid or service to be considered a reasonable accommodation for a deaf individual, it must provide effective communication to the deaf individual and meaningful access to Defendant's services. Effective communication means communication access that is equally effective as that which would be obtained by a hearing student in the class and which provides meaningful and effective access to the course. *See Belton v. Ga.*, 2012 U.S. Dist. LEXIS 44681 (N.D.Ga. 2012). Determining what is reasonable is a highly fact-specific inquiry. *See Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1085 (11th Cir. 2007) (citing *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1527 (11th Cir. 1997)). Thus, to conclude that Dragon NaturallySpeaking is a reasonable accommodation in a classroom setting Dr. Cohen would have been required to analyze the communication needs of each individual plaintiff, which he did not do.[1] Defendant's assertion that Dr. Cohen will testify that Dragon NaturallySpeaking is a reasonable accommodation for deaf students in a classroom setting necessarily implies that Dr. Cohen found that Dragon NaturallySpeaking, without the assistance of any other auxiliary aids or services, alone would (1) allow each deaf plaintiff equally effective communication to that which

[1] Of note, some of the Plaintiffs are completely illiterate and Dr. Cohen's report never addresses how Dragon NaturallySpeaking could possibly be effective for those who cannot read and write English. In fact, his report presumes that the user is fluent in English.

hearing students receive[2] and (2) meaningful access to the course material. Nowhere in Dr. Cohen's report does he make such bold assertions.

Defendant has not offered a "substantial justification" for failing to disclose Dr. Cohen's conclusion that Dragon NaturallySpeaking is a reasonable accommodation. Fed. R. Civ. P. 37(c)(1) Rather, Defendant included this opinion in the parties' pre-trial statement, over Plaintiffs' objection, without explanation and without any prior notice to Plaintiffs. Plaintiffs submit that Defendant's failure to disclose is not harmless as, after reading Dr. Cohen's expert report, Plaintiffs made the strategic decision not to depose Dr. Cohen. Had Plaintiffs known that Dr. Cohen intended to make such a bold assertion and purported expert opinion, Plaintiffs would have sought to depose Dr. Cohen and would have made the appropriate timely motions to challenge Dr. Cohen's expertise.[3] Discovery is now closed, the parties are preparing for trial, and Plaintiffs would be

---

[2] Including the ability to obtain the information provided by the professors in real time, to interact in class, to ask questions and to receive answers, to understand the questions posed by other students, etc.

[3] Plaintiffs do not believe that Dr. Cohen is qualified to render such an opinion or that he could withstand a Rule 702 challenge. While Dr. Cohen certainly has the scientific, technical or specialized knowledge to describe ASR as he did in his report (and which Plaintiffs believed based on the report submitted he was being offered to do) Dr. Cohen has no knowledge, skill, education or training concerning the communication needs of deaf individuals that would qualify him as an expert concerning the communication needs of deaf individuals and permit him to render such an opinion. Dr. Cohen does not have scientific, technical or specialized knowledge concerning the communication needs of deaf individuals that would help the trier of fact to understand the evidence or determine a fact in issue. This purported expert opinion, that Dragon NaturallySpeaking is a reasonable accommodation for deaf individuals in a classroom setting, is not based on specific facts or data. In fact, Dr. Cohen has never met any of the deaf Plaintiffs in this case. Further, he has not reliably applied any reliable principles and methods to the facts of this case. As such, this purported opinion offered by Dr. Cohen is not an expert opinion that can aid the jury. Whether or not Dragon NaturallySpeaking is an effective auxiliary aid which provides meaningful access and equally effective communication for each individual plaintiff is for the trier of fact to make upon hearing all of the relevant testimony. Dr. Cohen is no more qualified than

prejudiced were Defendant allowed to rely upon Dr. Cohen's opinion that Dragon NaturallySpeaking is a reasonable accommodation as Plaintiffs were "deprived [] of the ability to prepare for effective cross-examination." *Brown v. NCL (Bah.) Ltd.*, 26 Fla. L. Weekly Fed. D 43 at *11 (U.S. S.D. Fla. 2016); *see Romero v. Drummond Co.*, 552 F.3d 1303, 1323 (11th Cir. 2008).

**CONCLUSION**

WHEREFORE, pursuant to the arguments and authorities above, the Plaintiffs respectfully request that this Court enter an order forbidding the Villages Charter School, Inc. from offering any opinion testimony from Jordan Cohen concerning whether Dragon NaturallySpeaking was a reasonable accommodation, and declaring the same to be inadmissible.

Dated: October 25, 2016

Respectfully submitted:

EISENBERG & BAUM, LLP
24 Union Square East
Fourth Floor
New York, NY 10003

Telephone: 212.353.8700
Facsimile: 212.353.1708
arozynski@eandblaw.com

By: /s/ Andrew Rozynski
Andrew Rozynski, Esq.
*Pro Hac Vice Counsel for the Plaintiffs*

THE LAW OFFICES OF LISA L. DANIELS, P.A.
123 NW 13th Street, Suite 312
Boca Raton, FL 33432
Telephone: 561.955.1950
Facsimile: 561.955.1956

the jury is to make this opinion, and thus his testimony is not admissible expert testimony pursuant to Federal Rule of Evidence 702.

pkim@ldanielslaw.com

By: /s/ Paul Kim
Paul Kim, Esq. FBN 37111
*Counsel for the Plaintiffs*

**LOCAL RULE 3.01 CERTIFICATION**

I HEREBY CERTIFY that prior to the filing of this Motion the undersigned conferred with counsel for The Villages Charter School, Inc. and is authorized to represent that The Villages Charter School, Inc. opposes the relief requested in the Motion.

Dated: October 25, 2016

Respectfully submitted:

EISENBERG & BAUM, LLP
24 Union Square East
Fourth Floor
New York, NY 100014
Telephone: 212.353.8700
Facsimile: 212.353.1708
arozynski@eandblaw.com

By: /s/ Andrew Rozynski
Andrew Rozynski, Esq.
*Pro Hac Vice Counsel for the Plaintiffs*

THE LAW OFFICES OF LISA L. DANIELS, P.A.
123 NW 13th Street, Suite 312
Boca Raton, FL 33432
Telephone: 561.955.1950
Facsimile: 561.955.1956
pkim@ldanielslaw.com

By: /s/ Paul Kim
Paul Kim, Esq. FBN 37111
*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was sent on October 25, 2016 electronically via the Court's CM/ECF system to all parties registered to receive electronic notice or by US Mail to the following persons including: Village Center Community Development District c/o Dale Scott, Esq., Bell & Roper, P.A., 2707 East Jefferson Street, Orlando, FL 32803; Sumter Landing Community Development District c/o Michael Bowling, Esq., Bell & Roper, P.A., 2707 East Jefferson Street, Orlando, FL 32803; and the Villages Charter School, Inc. c/o Frank Sheppard, Esq., Rumberger, Kirk & Caldwell, P.A., 215 South Monroe Street, Suite 702, PO Box 10507, Tallahassee, FL 32302.

/s/Andrew Rozynski, Esq.
Andrew Rozynski
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
(212) 353-8700
arozynski@eandblaw.com
Attorneys for Plaintiffs