# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | | |
|---|---|---|
| LOUIS SCHWARZ, et. al., | ) | Civil Action No.: 5:12-cv-177-Oc-34TBS |
| | ) | |
| Plaintiffs, | ) | |
| -vs.- | ) | |
| | ) | |
| Village Center Community Development District, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS FIRST REQUEST FOR PRODUCTION TO**
**<u>DEFENDANT THE VILLAGES CHARTER SCHOOL, INC.</u>**

The Plaintiffs propound their first request for production on you, The Villages Charter School, Inc., and demand that The Villages Charter School, Inc. submit written responses and produce for the purpose of inspection, copying, testing, or sampling the documents and tangible things described in this request at the offices of the undersigned counsel within 30 days as required under Rule 34 of the Federal Rules of Civil Procedure.

**<u>INSTRUCTIONS</u>**

1. These instructions and definitions must be construed to require responses based upon the information available to you, as well as your attorneys, representatives, investigators and others acting on your behalf.

2. Unless expressly indicated otherwise, this Request relates to the period from January 1, 2006 through the date that you respond to this request for production.

3. You must construe the use of a verb in any tense as the use of the verb in all other tenses and the singular form you shall deem to include the plural, and vice-versa. You must also construe the singular form of any noun to include the plural, and vice-versa. Words in the masculine, feminine or neuter form shall include each of the other genders.

4. You are requested to produce all documents not subject to objection that are known by,

possessed or controlled by, or available to you or any of your attorneys, accountants, consultants, representatives, employees, officers, directors, boards, board members, committees, committee members, supervisors, councilmen, servants, volunteers, agents all other natural persons acting or purporting to act on your behalf, whether authorized to do so or not. This duty is not to be limited or affected by the fact that the same document is available through another source. If you are unable to produce a document or property requested, state in writing why you cannot produce the document or the property, and, if your inability to produce the document or the property is because it is not in your possession or in the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or property.

5. All categories of documents to be produced and definitions herein are to be construed broadly. If there is a question whether a category includes a particular document or group of documents, it shall be resolved in favor of production.

6. If you object to a portion or an aspect of any request, state the grounds for your objection with specificity and respond to the remainder of the request.

7. If, in answering these requests, you encounter any ambiguities when construing a request, instruction, or definition, your response shall set forth the matter you have deemed ambiguous and the construction you used in responding to it.

8. Where you assert a privilege in responding or objecting to any discovery requested in these requests, and information is not provided because you asserted that privilege, you must identify the nature of the privilege (including work product) which is being claimed in your response or objection. When claiming any privilege, you shall indicate the following:

(a) whether any documents exist;

(b) whether any communications took place; and

(c) set forth the following information for each purportedly privileged document in a

"privileged documents log" or similar format.

i. the type of document;;

ii. the general subject matter of the document;

iii. the date of the document;

iv. the author or authors of the document;

v. the address or addresses and any other recipient(s) of the document; and

vi. the custodian of the document, where applicable.

9. If you maintain the requested documents in a file, the file folder is indicated in the request for production of those documents.

**DEFINITIONS**

1. The terms "you" and "your" shall refer to the The Villages Charter School, Inc. d/b/a The Villages Lifelong Learning College, and its attorneys, agents, representatives, officers, directors, boards, board members, sponsors, employees, servants, volunteers and all other natural persons acting or purporting to act on your behalf, whether authorized to do so or not.

2. The term "person" means any natural person or any business, legal or governmental entity or association.

3. The term "deaf" means any Plaintiff, residents of the Villages or guests whose hearing disability substantially limits their major life activities, including hearing, speaking and their ability to effectively communicate with others who do not know sign language.

4. The terms "courses and activities" means all of your courses, events, services, programs, activities, meetings, clubs, groups, clinics, lectures, seminars, trips and other education courses and activity you provide.

5. The term "ADA" means the Americans with Disabilities Act.

6. The term "communication" means the transmittal of information by any means.

7. The terms "document" and "documents" mean, without limitation, any written material,

whether typed, handwritten, printed or otherwise, and whether in draft or final form, of any kind or nature, or any photograph, Photostat, microfilm or other reproduction thereof, including, without limitation, each note, memorandum, letter, telegram, telex, circular, release, article, report, prospectus, memorandum of any telephone or in-person conversation, minutes of meetings, text message, electronic mail, webpage, website, hyperlinks, inter-office communication, record, ledger, publication, pamphlet, brochure, schedule, policy, manual, guideline, regulation, rule, application, agreement, work paper, any financial statement, analysis, drawing, graph, chart, account, book, notebook, draft, summary, diary, transcript, computer data base, computer printout or other generated matter, computer tape, disc, hard drive, file jacket, information in, on or retrievable from computer programs, contract or order, technical report, laboratory report or notebook, engineering report, patent, registration or mark, application for a copyright, trademark or patent, patent appraisal, infringement search or study, and all mechanical and electronic audio and video recordings or transcripts thereof, and other data compilations from which information can be obtained and translated; if necessary, by you into a reasonably usable form. Electronic mail falls within the definition of the terms "document" or documents." A draft or nonidentical copy is a separate "document" within the term's meaning.

8. The term "document" or "documents" also means electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

8. The term "relating" or "relate" means pertaining, describing, referring, evidencing, reflecting, discussing, showing, supporting, contradicting, refuting, constituting, embodying,

containing, concerning, identifying, or in any way logically or factually connected with the matter discussed.

9. The terms "and" or "or" must be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request.

10. The terms "all" and "any" mean any and all.

11. The term "including" means including but not limited to, and you shall therefore construe the list following the term including as an illustrative list and not an exclusive one.

12. Capitalized terms not identified herein shall have the meanings ascribed to them in the Complaint.

13. The term "TDD" means telecommunications device for the deaf.

**REQUESTS**

1. Please produce all documents and communications relating to any sign language interpreter service you used or contacted to accommodate the deaf with respect to your course and activities including but not limited to documents relating to:

a) The certification of the interpreter as a qualified sign language interpreter
b) The qualifications and experience of the interpreter
c) The identification of the interpreter including but not limited to the name, address and telephone number of the interpreter or interpreting service that provided the interpreter
d) The dates and times of service provided by the interpreter
e) The bills or costs for the interpreting services
f) The documents provided by the interpreter or interpreting service to you or any Plaintiffs and
g) All other documents and communications relating to any interpreter or interpreter service you used or contacted for your course and activities.

If a member of your staff provided the sign language interpreter services used for your course and activities to accommodate the deaf, please produce all documents and communications relating to their service as an interpreter including but not limited to:

a) Their certification of the interpreter as a qualified sign language interpreter
b) The qualifications and experience of the interpreter
c) Their identification including but not limited to the name, address and telephone number of the interpreter
d) Their dates and times of service provided by the interpreter
e) Their bills or costs for the interpreting services
f) The documents provided by the interpreter or interpreting service to you or any Plaintiffs and

g) All other documents relating to any interpreter or interpreter service you used or contacted for your courses and activities.

2. Please produce all documents and communications relating to all interpreters lists you maintain.

3. Please produce all documents and communications relating to any request for accommodations made by the deaf for your courses and activities.

4. Please produce all documents and communications relating to your response to any request for accommodations made by the deaf for your courses and activities.

5. Please produce all documents and communications made by you, any Plaintiffs or any non-parties, relating to your attempt to accommodate the deaf including but not limited to your attempt, provision, offer, denial or other response to accommodate the hearing disabilities of the deaf including any Plaintiffs for any of your course and activities. In your response, please including all documents and communications relating to all accommodations made including but not limited to sign language interpreters, closed captioning, TDD's, video relay services or video remote interpreting.

6. Please produce all documents and communications made to you, any Plaintiffs or any non-parties, relating to your attempt to accommodate the deaf including any Plaintiffs including but not limited to your attempt, provision, offer, denial or other response to accommodate the hearing disabilities of the deaf including any Plaintiffs for any of your course and activities. In your response, please including all documents and communications relating to all accommodations made including but not limited to sign language interpreters, closed captioning, TDD's, video relay services or video remote interpreting

7. Please produce all documents and communications relating to your obligation under the ADA or Rehabilitation Act to provide sign language interpreters to the deaf for your course and activities.

8. Please produce all documents and communications relating to any training in American Sign Language that is provided by you to your staff including but not limited to your employees, volunteers, officers, directors, boards, board members, committees, committee members, managers, or agents.

9. Please produce all documents and communications relating to any training that is provided by you in compliance with the ADA or Rehabilitation Act to your staff including but not limited to your employees, volunteers, officers, directors, boards, board members, committees, committee members, managers, or agent.

10. Please produce all documents and communications relating to any self evaluation plan you made pursuant to the requirements of Section 504 of the Rehabilitation Act or any other plan which relates to the provision of auxiliary aids.

11. Please produce all documents and communications relating to any federal assistance including but not limited to federal funds or benefits you received.

12. Please produce all documents and communications relating to your policies for effective

communication with the deaf.

13. Please produce all documents and communications relating to any law suit or administrative proceeding or complaint filed against you in State Court, Federal Court or administrative proceeding concerning discrimination against the deaf.

14. Please produce all documents and communications relating to your failure to provide accommodations to the deaf for your course and activities.

15. Please produce all documents and communications relating to your refusal to provide accommodations to the deaf for your course and activities.

16. Please produce all documents and communications you contend are relevant to this lawsuit and which you may produce for identification, evidence or both at the time of trial.

17. Please produce all copies of your primary and excess insurance policies which would satisfy part or all of a judgment which may be entered or to indemnify or reimburse for payment made to satisfy the judgment.

18. Please produce all your financial documents including but not limited to your tax returns, revenue statements, receipts of amenities fees, expense reports, balance sheets, financial statements, budgets, profit-loss statements, income statements, audit statements and other financial documents.

19. Please produce all documents and communications relating to your financial ability to provide sign language interpreters for your course and activities.

20. Please produce all documents and communications relating to the administration of your course and activities including but not limited to your policies, practices, procedures, manuals, guidelines and other documents and communications for securing interpreters or accommodating the deaf.

21. Please produce all documents and communications by the Holding Company of the Villages, Inc. to you or a non-party in relation to accommodating the deaf for your course and activities.

22. Please produce all documents and communications to the Holding Company of the Villages, Inc. by you or a non-party in relation to accommodating for the deaf for your course and activities.

23. Please produce all documents and communications by the The Village of Lake-Sumter, Inc. to you or a non-party in relation to accommodating the deaf for your course and activities.

24. Please produce all documents and communications to the The Village of Lake-Sumter, Inc. by you or a non-party in relation to accommodating the deaf for your course and activities.

25. Please produce all documents and communications you rely upon to support your claim that you are in compliance with and have not violated Title II of the ADA in the provision of auxiliary accommodations to the deaf including Plaintiffs with respect to your course and activities.

26. Please produce all documents and communications you rely upon to support your claim that you are in compliance with and have not violated Section 504 of the Rehabilitation Act in the provision of auxiliary accommodations to the deaf including Plaintiffs with respect to your course and activities.

27. Please produce all documents and communications relating to any statements made by any party, non-party or witness that is relevant to the subject matter of this litigation.

28. Please produce all documents and communications by you, any Plaintiff or any non-party relating to the allegations in the Complaint

29. Please produce all documents and communications to you, any Plaintiff or any non-party relating to the allegations in the Complaint

30. Please produce a copy of your entire file for each Plaintiff.

31. Please produce all documents and communications by you, by any Plaintiff or by any non-party relating to any damages allegedly sustained in this matter as alleged in the Second Amended Complaint.

32. Please produce all documents and communications to you, to any Plaintiff(s) or to any non-party relating to any damages allegedly sustained in this matter as alleged in the Second Amended Complaint.

33. Please produce all documents and communications by you or any non-party to any expert consulted or retained by you relating to this matter .

34. Please produce all documents and communications to you or any non-party by any expert consulted or retained by you relating to this matter including but not limited to any expert reports or opinions, resumes and curriculum vitaes.

35. Please produce all documents and communications relating to a declaration against interest relevant to this matter.

36. Please produce all documents related to your claim that The Villages Lifelong Learning College is a private entity subject to Title III of the ADA.

37. Please produce all documents supporting your first affirmative defense.

38. Please produce all documents supporting your second affirmative defense.

39. Please produce all documents supporting your third affirmative defense.

40. Please produce all documents supporting your fourth affirmative defense.

41. Please produce all documents supporting your fifth affirmative defense.

42. Please produce all documents supporting your sixth affirmative defense.

43. Please produce all documents supporting your seventh affirmative defense.

44. Please produce all documents supporting your eighth affirmative defense.

45. Please produce all documents supporting your ninth affirmative defense.

46. Please produce all documents supporting your tenth affirmative defense.

47. Please produce all documents supporting your eleventh affirmative defense.

48. Please produce all documents supporting your twelfth affirmative defense.

49. Please produce all documents supporting your thirteenth affirmative defense.

50. Please produce all documents supporting your fourteenth affirmative defense.

51. Please produce all documents supporting your fifteenth affirmative defense.

52. Please produce all documents supporting your sixteenth affirmative defense.

53. Please produce all documents supporting your seventeenth affirmative defense.

54. Please produce all documents supporting your eighteenth affirmative defense.

55. Please produce all brochures, guides, catalogs or other pamphlets relating to your courses or activities.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Requests for Production was sent on via US Mail to the Leonard Dietzen, Esq., Rumberger, Kirk & Caldwell, P.A., PO Box 10507, Tallahassee, FL 32302, attorneys for Defendant Villages Charter School, Inc.

______________________________

ANDREW ROZYNSKI, ESQ. (Admitted Pro Hac Vice)
EISENBERG & BAUM LLP
24 Union Square East, 4th Fl.
New York, NY 10003
(212) 353-8700
Attorneys for Plaintiffs
New York Bar No. 5054465
arozynski@eandblaw.com