UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LOUIS SCHWARZ, DORIS SCHWARZ, JANICE
HICKEY, THOMAS HICKEY, BERNIE BROWN,
ELIZABETH HOLST, STEPHEN HOLST,
FRANCIS LANGLAIS, ROBERT SMART, RICHARD
MCELWAIN, BYRON ZIMMERMAN, SHIRLEY
ZIMMERMAN, JOHN WILSON, CHARLES MARTIN,
RANDALL WALKER, EVELYN WALKER, MAUREEN
OSGOOD, MARY KAYE PICKERING, HERBERT PICKERING,
ANDREW St. JOHN, KAREN RUSSELL, CLARENCE
RUSSELL, LINDA WOODS, ROBERT MCDEVITT,
LYNN STIRLING, KATHLEEN MCELWAIN,
BARBARA ACHIN,  RONALD ACHIN, DIANE St. JOHN,
KENNY HYNES and MARY WILSON,

          Plaintiffs,

vs.                           CASE NO.:  5:12-CV-177-MMH-TBS

THE VILLAGE CENTER COMMUNITY
DEVELOPMENT DISTRICT, SUMTER LANDING
COMMUNITY DEVELOPMENT DISTRICT, et. al.,

          Defendants.

_____/

## PLAINTIFFS' MOTION TO REVIEW BILLS OF COST

Plaintiffs, by and through their undersigned counsel, and pursuant to Fed. R. Civ.

P. 54(d)(1), move this Court to review the costs taxed by the Clerk against LOUIS

SCHWARZ (D.E. 501), DORIS SCHWARZ (D.E. 490), JANICE HICKEY (D.E. 507),

THOMAS HICKEY (D.E. 520), BERNIE BROWN (D.E. 496), ELIZABETH HOLST

(D.E. 495), STEPHEN HOLST (D.E. 519), FRANCIS LANGLAIS (D.E. 509), ROBERT

SMART (D.E. 516), RICHARD MCELWAIN (D.E. 513), BYRON ZIMMERMAN (D.E.

494), SHIRLEY ZIMMERMAN (D.E. 518), JOHN WILSON (D.E. 506), CHARLES

MARTIN (D.E. 493), RANDALL WALKER (D.E. 512), EVELYN WALKER (D.E. 489),

MAUREEN OSGOOD (D.E. 511), MARY KAYE PICKERING (D.E. 499), HERBERT PICKERING, (D.E. 508), ANDREW St. JOHN (D.E. 498), KAREN RUSSELL (D.E. 505), CLARENCE RUSSELL (D.E. 492), LINDA WOODS (D.E. 502), RICHARD WOODS (D.E. 515), LYNN STIRLING (D.E. 500), KATHLEEN MCELWAIN (D.E. 504), BARBARA ACHIN (D.E. 497), RONALD ACHIN (D.E. 517), DIANE St. JOHN (D.E. 491), KENNY HYNES (D.E. 503) and MARY WILSON (D.E. 510) and to enter an order vacating the costs as taxed and declining to tax said costs in their entirety, or in the alternative, reducing said costs.

## **STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 54(d)(1), costs other than attorney's fees "should be allowed to the prevailing party." "Once the Court has identified the prevailing party, it may only tax costs as authorized by statute." *Liese v. Indian River Mem. Hosp., Inc.*, 2011 U.S. Dist. LEXIS 161505, *5-6 (S.D. Fla. May 24, 2011)(citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)). 28 U.S.C. § 1920 delineates and limits which costs are recoverable and provides, in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts <u>necessarily obtained for use in the case</u>;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are <u>necessarily obtained for use in the case</u>;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Pursuant to Section 1920 and Rule 54, a Court has discretion to award the costs enumerated above. *See Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013).("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). As such, courts are not required to award costs to prevailing parties, but rather, may exercise their discretion "based on the circumstances each case presents." *Eaton v. Plaza Recovery, Inc.*, No. H-12-3043, 2014 U.S. Dist. LEXIS 21330, at *1-3 (S.D. Tex. Feb. 20, 2014); *see also Marx,* 133 S. Ct. at 1178. The party seeking costs bears the burden of showing that the requested costs are recoverable under section 1920 and must set forth, in detail, the amounts requested. *See generally Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, L.L.C.*, No. 07-20199-CIV-JORDAN, 2009 U.S. Dist. LEXIS 117563, at *10 (S.D. Fla. Nov. 6, 2009). The party opposing costs "has the burden of showing that the costs requested fall outside the scope of [section 1920] or were otherwise unreasonable." *Dependable Component Supply, Inc. v. First Am. Bank of Ill., Inc.*, No. 10-61519-Civ-COOKE/TORRES, 2014 U.S. Dist. LEXIS 189589, at *2-3 (S.D. Fla. Aug. 26, 2014) (citation omitted).

## **ARGUMENT**

Defendant has failed to appropriately and with sufficient detail set forth the costs it requests. As such, and for the reasons set forth below, Plaintiffs object to the costs, as sought, in their entirety and ask that the Court deny Defendant's request. In the

alternative, Plaintiffs submit that Defendant has clearly failed to meet its burden to produce proper documentation and showing of necessity and asks the Court to reduce certain costs accordingly.

**I.    Defendant Failed to Properly Itemized Its Costs And Thus The Court Should Deny Defendant Costs**

"Where the movant has failed to itemize [expenses] necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied." *Liese v. Indian River Mem. Hosp., Inc.*, 2011 U.S. Dist. LEXIS 161505, *11 (S.D. Fla. May 24, 2011)*; see also Diaz v. AIG Marketing, Inc.*, 2010 U.S. Dist. LEXIS 62092, 2010 WL 2541872, *4 (S.D. Fla. June 1, 2010)*(citing Desisto College, Inc.*, 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel)).  Here, Defendant has failed entirely to itemize expenses with sufficient detail to allow Plaintiffs and the Court to review and assess the application for costs with ease.  In fact, Defendant's proposed costs were often unsupported by the attached documentary evidence and it took extensive deduction and guesswork on behalf of Plaintiffs to determine what costs were being attributed, at times arbitrarily, to a particular Plaintiff.  In an abundance of caution, Plaintiff has attempted throughout this motion, based on this guesswork, to recreate itemization of Defendant's purported costs; however, the burden was squarely on Defendant, and not Plaintiff to provide adequate and itemized documentary evidence of its costs.  "The bill of costs form itself makes the documentation requirement clear, stating 'SPECIAL NOTE: Attach to your bill an *itemization and documentation* for requested costs in all categories.'" *Johnson v. Mortham*, 173 F.R.D. 313, 317 (N.D. Fla. May 20, 1997) (capitals in original, emphasis

added); *see also, e.g.,* D.E. 192.   For these reasons, the Court should exercise its discretion and deny Defendant's application for costs. *Id.* at 321 (N.D. Fla. May 20, 1997) ("Failure to strictly comply with the time and filing requirements by parties seeking taxable costs may result in disallowance of some or all of those costs.").

## II.    Under 28 U.S.C. § 1920(2), Taxes Beyond Transcript and Stenographer's Attendance Fees Are Not Taxable

It is well settled that under 28 U.S.C. § 1920(2), aside from the transcript and the attendance fee of the court reporter, "other costs, unless specifically justified as necessary, are considered to be only for the convenience of counsel and are not reimbursable." *Liese v. Indian River Mem. Hosp., Inc.*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011). A careful review of the invoices submitted by Defendant in support of its Bills of Cost evidences Defendant's attempt to tax costs against Plaintiffs for delivery charges, exhibits, condensed transcripts, and room rental fees, none of which are recoverable. *See Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable."); *George v. Florida Dept. of Corrections*, 2008 U.S. Dist. LEXIS 109239, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008)(court denied reimbursement of transcript delivery fee where defendant failed to demonstrate that the cost was not merely for counsel's convenience, but, instead, constituted a necessary expense); *Suarez v. Tremont Towing, Inc.*, 2008 U.S. Dist. LEXIS 59125, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008)(court did not allow reimbursement for delivery charges or charges for exhibits, finding such were not taxable costs). Additionally, Defendant attempts to arbitrarily tax Plaintiffs for costs associated with purchasing transcripts of depositions which were taken by Plaintiff's

counsel but were never used by Defendant, and thus were not necessarily obtained by Defendant for use in the case. Further, Defendant makes no effort to separate out the costs which were necessarily obtained for use in the case from those that were made for counsel's own convenience, and "[w]here the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied." *Liese v. Indian River Mem. Hosp., Inc.*, 2011 U.S. Dist. LEXIS 161505, *11 (S.D. Fla. May 24, 2011)*; see also Diaz v. AIG Marketing, Inc.*, 2010 U.S. Dist. LEXIS 62092, 2010 WL 2541872, *4 (S.D. Fla. June 1, 2010)*(citing Desisto College, Inc.*, 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel)). Thus, the Court should deny Defendant's application for costs in its entirety due to Defendant's failure to adequately identify the specific costs to which it may be entitled.

### A. Louis Schwarz (D.E. 501)

Defendant attempts to charge Louis Schwarz $1937.85 in "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." D.E. 210. In support of this, Defendant submits Invoices at D.E. 210 without further explanation. The clerk taxed these purported costs at D.E. 501. However, upon examination of the invoices, it is clear that $1937.85 does not adequately reflect Defendant's "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." First, Defendant attempts to tax Mr. Schwarz for the deposition of Janet Tutt, noting that "[t]he deposition transcript of Janet Tutt in the amount of $539.65 has been allocated to Lewis[sic] Schwarz as lead Plaintiff." D.E. 210 at fn 1. However, Defendant

has made no showing that the deposition transcript of Ms. Tutt was necessarily obtained for use in the case. In fact, while Defendant attached forty exhibits to its motion for summary judgment (D.E. 131 et. seq.), not one of those exhibits was the deposition transcript of Ms. Tutt.  This case did not proceed beyond summary judgment, thus Defendant cannot argue that Defendant intended to use the deposition transcript for trial preparation.  Further, even if Defendant could establish that Ms. Tutt's transcript was necessarily obtained for use in the case, Defendant has made and can make no showing that the entirety of the transcript fee should be attributed to Mr. Schwarz.[1]  Thus, the court should decline to tax Mr. Schwarz $539.65 for Ms. Tutt's deposition transcript.

Presumably, the remaining $1448.20 for which Defendant has asked this Court to tax Mr. Schwarz is for fees associated with Mr. Schwarz's deposition.  While Defendant has failed to lay out those fees in a manner easily discerned by the Court and counsel, it appears the fees Defendant is claiming are as thus:

**From Invoice 148428**

| | |
|---|---|
| Appearance fee[2] | $37.50 |
| Appearance fee – each additional hour thereafter (6.5 hours)[3] | $178.75 |
| Original Transcript of Louis Schwarz | $260.70 |
| Condensed Transcript | $20.00 |
| **Total** | **$496.95** |

**From Invoice 158601**

| | |
|---|---|
| Original Transcript of Louis Schwarz | $809.75 |
| Condensed Transcript | $20.00 |
| Exhibit Charge | $1.50 |

---

[1] At most, Mr. Schwarz should be responsible for 1/32 of the cost of this transcript, or $16.86.

[2] As the depositions of both Maureen Osgood and Louis Schwarz took place on June 12, 2014 and invoice 148428 accounts for only one "Appearance Fee" of $75.00, it appears Defendant attributed half of this expense to Mr. Schwarz (D.E. 210) and half of the expense to Ms. Osgood (D.E. 214).

[3] As the depositions of both Maureen Osgood and Louis Schwarz took place on June 12, 2014 and invoice 148428 accounts for only one "Appearance Fee – each additional hour thereafter (6.5 hours)" of $375.50, it appears Defendant attributed half of this expense to Mr. Schwarz (D.E. 210) and half of the expense to Ms. Osgood (D.E. 214).

| Delivery Fee | $20.00 |
|---|---|
| **Total** | **$851.25** |

Before addressing the propriety of the costs outlined above, it is worth mentioning that the total remaining costs from the invoices Defendant submitted in support of its Bill of Costs is *$1348.20*, not $1448.20 as Defendant requested in its Bill of Costs. Defendant has either made an inadvertent calculation error or has failed to submit adequate documentation of the remaining expenses.  In any event, the Court must not tax Mr. Schwarz for the $100 for which Defendant has not submitted any documentation.

As evidenced by the fact that Invoice 148428 contains no such fee, the twenty dollar ($20) delivery surcharge is clearly for Defendant's convenience and not a necessary expense. Thus, the $20 delivery fee is not properly taxable to Plaintiff and the Court should decline to reimburse Defendant for this fee.  *George v. Florida Dept. of Corrections*, 2008 U.S. Dist. LEXIS 109239, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008)(court denied reimbursement of transcript delivery fee where defendant failed to demonstrate that the cost was not merely for counsel's convenience, but, instead, constituted a necessary expense).

Similarly, the $1.50 exhibit charge is not taxable and thus the Court should decline to reimburse Defendant for this fee. *Suarez v. Tremont Towing, Inc.*, 2008 U.S. Dist. LEXIS 59125, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008)(court did not allow reimbursement for delivery charges or charges for exhibits, finding such were not taxable costs).

Additionally, Defendant has submitted for reimbursement of $40 for condensed transcripts ($20 from invoice 148428 and $20 from invoice 158601). As Defendant ordered original transcripts in addition to the condensed transcripts, these costs are

duplicative and were not necessarily incurred for the case. Thus, the $40 Defendant requests for condensed transcripts are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

Thus, based upon the documentation submitted by Defendant, the Court could consider taxing Mr. Schwarz, at the very most, $1303.56; however, the Court should decline to do so.  "The Supreme Court has held that § 1920 sets a ceiling, but not a floor, on a district court's power to tax items as costs." *Central Delaware Branch of NAACP v. Dover*, 123 F.R.D. 85, 95, 1988 U.S. Dist. LEXIS 12831, *28 (D. Del. Oct. 28, 1988)(citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 107 S. Ct. 2494, 2498, 96 L. Ed. 2d 385 (1987) ("the *discretion* granted [to district courts] by Rule 54(d) . . . . is *solely* a power *to decline to tax,* as costs, the items enumerated in § 1920" (emphasis added)). The Court should exercise its discretion and deny costs against Mr. Schwarz in their entirety.

### B. DORIS SCHWARZ (D.E. 490)

**From Invoice 148911**

| | |
|---|---|
| Original Transcript of Doris Schwarz | $213.30 |
| Appearance fee[4] | $37.50 |
| Appearance fee – each additional hour thereafter (5.5 hours)[5] | $151.25 |
| Condensed Transcript | $35.00 |

---

[4] As the depositions of both Doris Schwarz and Thomas Hickey took place on June 9, 2014 and invoice 148911 accounts for only one "Appearance Fee" of $75.00, it appears Defendant attributed half of this expense to Ms. Schwarz (D.E. 200) and half of the expense to Mr. Hickey (D.E. 222)

[5] As the depositions of both Doris Schwarz and Thomas Hickey took place on June 9, 2014 and invoice 148911 accounts for only one "Appearance Fee – each additional hour thereafter (5.5 hours)" of $302.50, it appears Defendant attributed half of this expense to Ms. Schwarz (D.E. 200) and half of the expense to Mr. Hickey (D.E. 222).

| Delivery Fee[6] | $10.00 |
|---|---|
| **Total** | **$447.05** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $10.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable."). The Court should exercise its discretion and deny costs against Ms. Schwarz in their entirety.

### C. EVELYN WALKER (D.E. 489)

**From Invoice 179105**

| Original Transcript of Evelyn Walker | $150.10 |
|---|---|
| Condensed Transcript | $35.00 |
| Delivery Fee[7] | $6.67 |
| **Total** | **$191.77** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $6.67 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### D. DIANE St. JOHN (D.E. 491)

**From Invoice 179106**

| Original Transcript of Diane St. John | $288.00 |
|---|---|
| Condensed Transcript | $35.00 |

---

[6] As the depositions of both Doris Schwarz and Thomas Hickey took place on June 9, 2014 and invoice 148911 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed half of this expense to Ms. Schwarz (D.E. 200) and half of the expense to Mr. Hickey (D.E. 222).
[7] As the depositions of Evelyn Walker, Randall Walker and Andrew St. John took place on November 12, 2014 and invoice 179105 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one third of this expense to Ms. Walker (D.E. 201), one third of this expense to Mr. Walker (D.E. 215) and one third of the expense to Mr. St. John (D.E. 192).

| | |
|---|---|
| Delivery Fee[8] | $5.00 |
| **Total** | **$328.00** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $5.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### E. CLARENCE RUSSELL (D.E. 492)

**From Invoice 179107**

| | |
|---|---|
| Original Transcript of Clarence Russell | $259.20 |
| Condensed Transcript | $35.00 |
| Delivery Fee[9] | $5.00 |
| **Total** | **$299.20** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $5.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### F. CHARLES MARTIN (D.E. 493)

**From Invoice 179106**

| | |
|---|---|
| Original Transcript of Charles Martin | $230.40 |

---

[8] As the depositions of Diane St. John, Ronald Achin, Kenny Hynes and Charles Martin took place on November 13, 2014 and invoice 179106 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one quarter of this expense to Ms. St. John (D.E. 199), one quarter of this expense to Mr. Achin (D.E. 219), one quarter of this expense to Ms. Hynes (D.E. 208), and one quarter of the expense to Mr. Martin (D.E. 197).

[9] As the depositions of Clarence Russell, Karen Russell, Barbara Achin and Mary Wilson took place on November 14, 2014 and invoice 179107 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one quarter of this expense to Mr. Russell (D.E. 198), one quarter of this expense to Ms. Russell (D.E. 206), one quarter of this expense to Ms. Achin (D.E. 193), and one quarter of the expense to Ms. Wilson (D.E. 213).

| Condensed Transcript | $35.00 |
|---|---|
| Delivery Fee[10] | $5.00 |
| **Total** | **$270.40** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $5.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### G. BYRON ZIMMERMAN (D.E. 494)

**From Invoice 148913**

| Original Transcript of Byron Zimmerman | $335.75 |
|---|---|
| Appearance fee[11] | $37.50 |
| Appearance fee – each additional hour thereafter (5 hours)[12] | $137.50 |
| Condensed Transcript | $20.00 |
| **Total** | **$530.75** |

For the reasons outlined above, the $20.00 condensed transcript fee is for Defendant's convenience and not a necessary expense, and thus is not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent

---

[10] As the depositions of Diane St. John, Ronald Achin, Kenny Hynes and Charles Martin took place on November 13, 2014 and invoice 179106 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one quarter of this expense to Ms. St. John (D.E. 199), one quarter of this expense to Mr. Achin (D.E. 219), one quarter of this expense to Ms. Hynes (D.E. 208), and one quarter of the expense to Mr. Martin (D.E. 197).

[11] As the depositions of both Byron Zimmerman and Shirley Zimmerman took place on June 11, 2014 and invoice 148913 accounts for only one "Appearance Fee" of $75.00, it appears Defendant attributed half of this expense to Mr. Zimmerman (D.E. 196) and half of the expense to Ms. Zimmerman (D.E. 220).

[12] As the depositions of both Byron Zimmerman and Shirley Zimmerman took place on June 11, 2014 and invoice 148913 accounts for only one "Appearance Fee – each additional hour thereafter (5 hours)" of $275.00, it appears Defendant attributed half of this expense to Mr. Zimmerman (D.E. 196) and half of the expense to Ms. Zimmerman (D.E. 220).

the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### H. BERNIE BROWN (D.E. 496)

**From Invoice 158608**

| | |
|---|---|
| Original Transcript of Bernie Brown | $517.45 |
| Condensed Transcript | $20.00 |
| Exhibit Charge | $0.75 |
| Delivery Fee | $20.00 |
| **Total** | **$558.20** |

For the reasons outlined above, the $20.00 condensed transcript fee, the $0.75 exhibit fee, and the $20.00 delivery fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### I. ELIZABETH HOLST (D.E. 495)

**From Invoice 158608**

| | |
|---|---|
| Original Transcript of Bernie Brown | $312.05 |
| Condensed Transcript | $20.00 |
| **Total** | **$332.05** |

For the reasons outlined above, the $20.00 condensed transcript fee is for Defendant's convenience and not a necessary expense, and thus is not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### J. BARBARA ACHIN (D.E. 497)

**From Invoice 179107**

| | |
|---|---|
| Original Transcript of Barbara Achin | $230.40 |
| Condensed Transcript | $35.00 |

13

| | |
|---|---|
| Delivery Fee[13] | $5.00 |
| **Total** | **$270.40** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $5.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### K. ANDREW St. JOHN (D.E. 498)

**From Invoice 179105**

| | |
|---|---|
| Original Transcript of Andrew St. John | $288.35 |
| Condensed Transcript | $35.00 |
| Delivery Fee[14] | $6.66 |
| **Total** | **$330.01** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $6.66 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### L. MARY KAY PICKERING (D.E. 499)

**From Invoice 178280**

| | |
|---|---|
| Original Transcript of Mary Kay Pickering | $216.00 |
| Condensed Transcript | $35.00 |

---

[13] As the depositions of Clarence Russell, Karen Russell, Barbara Achin and Mary Wilson took place on November 14, 2014 and invoice 179107 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one quarter of this expense to Mr. Russell (D.E. 198), one quarter of this expense to Ms. Russell (D.E. 206), one quarter of this expense to Ms. Achin (D.E. 193), and one quarter of the expense to Ms. Wilson (D.E. 213).

[14] As the depositions of Evelyn Walker, Randall Walker and Andrew St. John took place on November 12, 2014 and invoice 179105 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one third of this expense to Ms. Walker (D.E. 201), one third of this expense to Mr. Walker (D.E. 215) and one third of the expense to Mr. St. John (D.E. 192)

| Delivery Fee[15] | $6.67 |
|---|---|
| **Total** | **$257.67** |

For the reasons outlined above, the $35 condensed transcript fee and the $6.67 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### M. LYNN STIRLING (D.E. 500)

**From Invoice 158606**

| Original Transcript of Lynn Stirling | $699.15 |
|---|---|
| Condensed Transcript | $20.00 |
| Exhibit Charge | $7.25 |
| Delivery Fee | $20.00 |
| **Total** | **$746.40** |

For the reasons outlined above, the $20.00 condensed transcript fee, the $7.25 exhibit fee, and the $20.00 delivery fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### N. LINDA WOODS (D.E. 502)

**From Invoice 148619**

| Original Transcript of Linda Woods | $197.50 |
|---|---|
| Condensed Transcript | $20.00 |
| Exhibit Charge | $0.25 |
| Appearance fee | $75.00 |

---

[15] The depositions of Mary Kay Pickering, Herbert Pickering, Joanna Langlais, and Francis Langlais took place on January 28, 2015 and are all included in invoice 178280 accounts, which for only one "Delivery Fee" of $20.00. However, as Defendant did not seek costs against Joanna Langlais, who voluntarily withdrew from the case, it appears Defendant attributed one third of this expense to Ms. Pickering (D.E. 212), one third of this expense to Mr. Pickering (D.E. 203), and one third of the expense to Mr. Langlais (D.E. 202).

| Appearance fee – each additional hour thereafter | $55.00 |
|---|---|
| **Total** | **$347.75** |

For the reasons outlined above, the $20.00 condensed transcript fee and the $0.25 exhibit fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### O. KENNY HYNES (D.E. 503)

**From Invoice 179106**

| Original Transcript of Kenny Hynes | $288.80 |
|---|---|
| Condensed Transcript | $35.00 |
| Delivery Fee[16] | $5.00 |
| **Total** | **$308.80** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $5.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### P. JANICE HICKEY (D.E. 507)

**From Invoice 180526**

| Original Transcript of Janice Hickey | $360.00 |
|---|---|
| Condensed Transcript | $35.00 |
| Delivery Fee | $20.00 |
| **Total** | **$415.00** |

---

[16] As the depositions of Diane St. John, Ronald Achin, Kenny Hynes and Charles Martin took place on November 13, 2014 and invoice 179106 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one quarter of this expense to Ms. St. John (D.E. 199), one quarter of this expense to Mr. Achin (D.E. 219), one quarter of this expense to Ms. Hynes (D.E. 208), and one quarter of the expense to Mr. Martin (D.E. 197).

16

For the reasons outlined above, the $35.00 condensed transcript fee and the $20.00 delivery fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### Q. THOMAS HICKEY (D.E. 520)

**From Invoice 148911**

| | |
|---|---|
| Original Transcript of Thomas Hickey | $237.00 |
| Appearance fee[17] | $37.50 |
| Appearance fee – each additional hour thereafter (5.5 hours)[18] | $151.25 |
| Condensed Transcript | $35.00 |
| Delivery Fee[19] | $10.00 |
| **Total** | **$470.75** |

Before addressing the propriety of the costs outlined above, it is worth mentioning that the total remaining costs from the invoices Defendant submitted in support of its Bill of Costs is ***$470.75***, not $488.16 as Defendant requested in its Bill of Costs. Defendant has either made an inadvertant calculation error or has failed to submit adequate documentation of the remaining expenses. In any event, the Court must not tax Mr. Schwarz for the $17.41 for which Defendant has not submitted any documentation.

---

[17] As the depositions of both Doris Schwarz and Thomas Hickey took place on June 9, 2014 and invoice 148911 accounts for only one "Appearance Fee" of $75.00, it appears Defendant attributed half of this expense to Ms. Schwarz (D.E. 200) and half of the expense to Mr. Hickey (D.E. 222).

[18] As the depositions of both Doris Schwarz and Thomas Hickey took place on June 9, 2014 and invoice 148911 accounts for only one "Appearance Fee – each additional hour thereafter (5.5 hours)" of $302.50, it appears Defendant attributed half of this expense to Ms. Schwarz (D.E. 200) and half of the expense to Mr. Hickey (D.E. 222).

[19] As the depositions of both Doris Schwarz and Thomas Hickey took place on June 9, 2014 and invoice 148911 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed half of this expense to Ms. Schwarz (D.E. 200) and half of the expense to Mr. Hickey (D.E. 222).

Additionally, the $35.00 condensed transcript fee and the $10.00 delivery fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable.  *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### R. STEPHEN HOLST (D.E. 519)

**From Invoice 179103**

| | |
|---|---|
| Original Transcript of Stephen Holst | $254.40 |
| Condensed Transcript | $35.00 |
| Delivery Fee[20] | $6.67 |
| **Total** | **$296.07** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $6.67 delivery fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable.  *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### S. FRANCIS LANGLAIS (D.E. 509)

**From Invoice 178280**

| | |
|---|---|
| Original Transcript of Francis Langlais | $321.60 |
| Condensed Transcript | $35.00 |
| Delivery Fee[21] | $6.66 |
| **Total** | **$363.26** |

---

[20] As the depositions of Stephen Holst, Richard Woods and Kathleen McElwain took place on November 10, 2014 and invoice 179103 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one third of this expense to Ms. Walker (D.E. 201), one third of this expense to Mr. Walker (D.E. 215) and one third of the expense to Mr. St. John (D.E. 192).

[21] The depositions of Mary Kay Pickering, Herbert Pickering, Joanna Langlais, and Francis Langlais took place on January 28, 2015 and are all included in invoice 178280 accounts, which for only one "Delivery Fee" of $20.00. However, as Defendant did not seek costs against Joanna Langlais, who voluntarily withdrew from the case, it appears Defendant attributed one third of this expense to Ms. Pickering (D.E. 212), one third of this expense to Mr. Pickering (D.E. 203), and one third of the expense to Mr. Langlais (D.E. 202).

For the reasons outlined above, the $35 condensed transcript fee and the $6.66 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### T.  ROBERT SMART (D.E. 516)

**From Invoice 158611**

| | |
|---|---:|
| Original Transcript of Lynn Stirling | $331.80 |
| Condensed Transcript | $20.00 |
| Exhibit Charge | $0.50 |
| Delivery Fee | $20.00 |
| **Total** | **$372.30** |

For the reasons outlined above, the $20.00 condensed transcript fee, the $0.50 exhibit fee, and the $20.00 delivery fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### U.  RICHARD MCELWAIN (D.E. 513)

**From Invoice 148424**

| | |
|---|---:|
| Original Transcript of Richard McElwain | $304.15 |
| Appearance fee[22] | $37.50 |
| Appearance fee – each additional hour thereafter (5.5 hours)[23] | $151.25 |
| Condensed Transcript | $20.00 |

---

[22] As the depositions of both Byron Zimmerman and Shirley Zimmerman took place on June 11, 2014 and invoice 148913 accounts for only one "Appearance Fee" of $75.00, it appears Defendant attributed half of this expense to Mr. Zimmerman (D.E. 196) and half of the expense to Ms. Zimmerman (D.E. 220).

[23] As the depositions of both Richard McElwain and John Wilson took place on June 10, 2014 and invoice 148424 accounts for only one "Appearance Fee – each additional hour thereafter (5.5 hours)" of $302.50, it appears Defendant attributed half of this expense to Mr. McElwain (D.E. 216) and half of the expense to Mr. Wilson (D.E. 205).

| | |
|---|---|
| Exhibit Charge | $0.50 |
| Delivery Fee[24] | $10.00 |
| **Total** | **$523.40** |

For the reasons outlined above, the $20.00 condensed transcript fee, the $0.50 exhibit charge, and the $10.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### V. SHIRLEY ZIMMERMAN (D.E. 518)

**From Invoice 148913**

| | |
|---|---|
| Original Transcript of Shirley Zimmerman | $173.80 |
| Appearance fee[25] | $37.50 |
| Appearance fee – each additional hour thereafter (5 hours)[26] | $137.50 |
| Condensed Transcript | $20.00 |
| **Total** | **$368.80** |

For the reasons outlined above, the $20.00 condensed transcript fee is for Defendant's convenience and not a necessary expense, and thus is not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

---

[24] As the depositions of both Richard McElwain and John Wilson took place on June 10, 2014 and invoice 148424 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed half of this expense to Mr. McElwain (D.E. 216) and half of the expense to Mr. Wilson (D.E. 205).
[25] As the depositions of both Byron Zimmerman and Shirley Zimmerman took place on June 11, 2014 and invoice 148913 accounts for only one "Appearance Fee" of $75.00, it appears Defendant attributed half of this expense to Mr. Zimmerman (D.E. 196) and half of the expense to Ms. Zimmerman (D.E. 220).
[26] As the depositions of both Byron Zimmerman and Shirley Zimmerman took place on June 11, 2014 and invoice 148913 accounts for only one "Appearance Fee – each additional hour thereafter (5 hours)" of $275.00, it appears Defendant attributed half of this expense to Mr. Zimmerman (D.E. 196) and half of the expense to Ms. Zimmerman (D.E. 220).

### W. JOHN WILSON (D.E. 506)

**From Invoice 148424**

| | |
|---|---|
| Original Transcript of John Wilson | $268.60 |
| Appearance fee[27] | $37.50 |
| Appearance fee – each additional hour thereafter (5.5 hours)[28] | $151.25 |
| Condensed Transcript | $20.00 |
| Exhibit Charge | $1.75 |
| Delivery Fee[29] | $10.00 |
| **Total** | **$489.10** |

For the reasons outlined above, the $20.00 condensed transcript fee, the $1.75 exhibit charge, and the $10.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### X. RANDALL WALKER (D.E. 512)

**From Invoice 179105**

| | |
|---|---|
| Original Transcript of Randall Walker | $185.65 |
| Condensed Transcript | $35.00 |
| Delivery Fee[30] | $6.67 |
| **Total** | **$127.32** |

---

[27] As the depositions of both Byron Zimmerman and Shirley Zimmerman took place on June 11, 2014 and invoice 148913 accounts for only one "Appearance Fee" of $75.00, it appears Defendant attributed half of this expense to Mr. Zimmerman (D.E. 196) and half of the expense to Ms. Zimmerman (D.E. 220).

[28] As the depositions of both Richard McElwain and John Wilson took place on June 10, 2014 and invoice 148424 accounts for only one "Appearance Fee – each additional hour thereafter (5.5 hours)" of $302.50, it appears Defendant attributed half of this expense to Mr. McElwain (D.E. 216) and half of the expense to Mr. Wilson (D.E. 205).

[29] As the depositions of both Richard McElwain and John Wilson took place on June 10, 2014 and invoice 148424 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed half of this expense to Mr. McElwain (D.E. 216) and half of the expense to Mr. Wilson (D.E. 205).

[30] As the depositions of Evelyn Walker, Randall Walker and Andrew St. John took place on November 12, 2014 and invoice 179105 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one third of this expense to Ms. Walker (D.E. 201), one third of this expense to Mr. Walker (D.E. 215), and one third of the expense to Mr. St. John (D.E. 192).

For the reasons outlined above, the $35 condensed transcript fee and the $10 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### Y. MAUREEN OSGOOD (D.E. 511)

**From Invoice 148428**

| | |
|---|---|
| Appearance fee[31] | $37.50 |
| Appearance fee – each additional hour thereafter (6.5 hours)[32] | $178.75 |
| Original Transcript of Maureen Osgood | $300.20 |
| Condensed Transcript | $20.00 |
| Exhibit Charge | $0.50 |
| **Total** | **$536.95** |

For the reasons outlined above, the $20.00 condensed transcript fee and the $0.50 exhibit charge are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### Z. HERBERT PICKERING, (D.E. 508)

**From Invoice 178280**

| | |
|---|---|
| Original Transcript of Herbert Pickering | $268.80 |
| Condensed Transcript | $35.00 |

---

[31] As the depositions of both Maureen Osgood and Louis Schwarz took place on June 12, 2014 and invoice 148428 accounts for only one "Appearance Fee" of $75.00, it appears Defendant attributed half of this expense to Mr. Schwarz (D.E. 210) and half of the expense to Ms. Osgood (D.E. 214).

[32] As the depositions of both Maureen Osgood and Louis Schwarz took place on June 12, 2014 and invoice 148428 accounts for only one "Appearance Fee – each additional hour thereafter (6.5 hours)" of $375.50, it appears Defendant attributed half of this expense to Mr. Schwarz (D.E. 210) and half of the expense to Ms. Osgood (D.E. 214).

| Delivery Fee[33] | $6.67 |
|---|---|
| **Total** | **$310.47** |

For the reasons outlined above, the $35 condensed transcript fee and the $6.67 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### AA.    KAREN RUSSELL (D.E. 505)

**From Invoice 179107**

| Original Transcript of Karen Russell | $302.40 |
|---|---|
| Condensed Transcript | $35.00 |
| Delivery Fee[34] | $5.00 |
| Exhibit Charge | $0.50 |
| **Total** | **$342.90** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $5.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### BB.    RICHARD WOODS (D.E. 515)

---

[33] The depositions of Mary Kay Pickering, Herbert Pickering, Joanna Langlais, and Francis Langlais took place on January 28, 2015 and are all included in invoice 178280 accounts, which for only one "Delivery Fee" of $20.00. However, as Defendant did not seek costs against Joanna Langlais, who voluntarily withdrew from the case, it appears Defendant attributed one third of this expense to Ms. Pickering (D.E. 212), one third of this expense to Mr. Pickering (D.E. 203), and one third of the expense to Mr. Langlais (D.E. 202).

[34] As the depositions of Clarence Russell, Karen Russell, Barbara Achin and Mary Wilson took place on November 14, 2014 and invoice 179107 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one quarter of this expense to Mr. Russell (D.E. 198), one quarter of this expense to Ms. Russell (D.E. 206), one quarter of this expense to Ms. Achin (D.E. 193), and one quarter of the expense to Ms. Wilson (D.E. 213).

**From Invoice 179103**

| | |
|---|---|
| Original Transcript of Richard Woods | $216.00 |
| Condensed Transcript | $35.00 |
| Delivery Fee[35] | $6.66 |
| Exhibit Charge | $1.00 |
| **Total** | **$258.66** |

For the reasons outlined above, the $35.00 condensed transcript fee, the $1.00 exhibit fee, and the $6.66 delivery fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

Furthermore, Mr. Woods is deceased. A suggestion of death was made on the record as to Mr. Woods on October 5, 2016. No party was ever substituted for Mr. Woods. In fact, on October 5, 2016, Mr. Woods' claims were voluntarily dismissed. As such, Mr. Woods is not a proper party against whom Defendant may seek or from whom Defendant may collect costs.

**CC.    KATHLEEN MCELWAIN (D.E. 504)**

**From Invoice 179103**

| | |
|---|---|
| Original Transcript of Kathleen McElwain | $494.40 |
| Condensed Transcript | $35.00 |
| Delivery Fee[36] | $6.67 |
| **Total** | **$536.07** |

---

[35] As the depositions of Stephen Holst, Richard Woods and Kathleen McElwain took place on November 10, 2014 and invoice 179103 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one third of this expense to Ms. Walker (D.E. 201), one third of this expense to Mr. Walker (D.E. 215) and one third of the expense to Mr. St. John (D.E. 192).

[36] As the depositions of Stephen Holst, Richard Woods and Kathleen McElwain took place on November 10, 2014 and invoice 179103 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one third of this expense to Ms. Walker (D.E. 201), one third of this expense to Mr. Walker (D.E. 215) and one third of the expense to Mr. St. John (D.E. 192).

For the reasons outlined above, the $35.00 condensed transcript fee and the $6.67 delivery fee are for Defendant's convenience and are not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").

### DD.   RONALD ACHIN (D.E. 517)

**From Invoice 179106**

| | |
|---|---|
| Original Transcript of Ronald Achin | $268.80 |
| Condensed Transcript | $35.00 |
| Delivery Fee[37] | $5.00 |
| **Total** | **$308.80** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $5.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable. *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.").  Similarly, the $1.50 exhibit charge is not taxable and thus the Court should decline to reimburse Defendant for this fee. *Suarez v. Tremont Towing, Inc.*, 2008 U.S. Dist. LEXIS 59125, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008)(court did not allow reimbursement for delivery charges or charges for exhibits, finding such were not taxable costs).

### EE.   MARY WILSON (D.E. 510)

**From Invoice 179107**

| | |
|---|---|
| Original Transcript of Mary Wilson | $249.60 |

---

[37] As the depositions of Diane St. John, Ronald Achin, Kenny Hynes and Charles Martin took place on November 13, 2014 and invoice 179106 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one quarter of this expense to Ms. St. John (D.E. 199), one quarter of this expense to Mr. Achin (D.E. 219) one quarter of this expense to Ms. Hynes (D.E. 208), and one quarter of the expense to Mr. Martin (D.E. 197).

| Condensed Transcript | $35.00 |
|---|---|
| Delivery Fee[38] | $5.00 |
| **Total** | **$289.60** |

For the reasons outlined above, the $35.00 condensed transcript fee and the $5.00 delivery fee are both for Defendant's convenience and not necessary expenses, and thus are not recoverable.  *Liese*, 2011 U.S. Dist. LEXIS 161505, *9 (S.D. Fla. May 24, 2011) ("Here, to the extent the invoices include services for shipping, exhibits, and condensed transcripts, such costs are not recoverable.")

### III.   Interpreter Costs Not Taxable Against Deaf Plaintiff

In *Gevarzes v. City of Port Orange*, this Court sustained Plaintiff's objection to reimbursing Defendant for the costs of sign language interpreters provided to her during her deposition, based upon a regulation that prohibits the placement of a surcharge on disabled individuals to cover the costs of interpreters and "the underlying policy concerns inherent in the ADA."  No. 6:12-cv-1126-Orl-37DAB, 2014 U.S. Dist. LEXIS 195250, at *4-6 (M.D. Fla. Jan. 8, 2014).  Like the Plaintiff in *Gervarzes*, Plaintiffs submit that the American with Disabilities Act "prohibits the taxing to Plaintiff[s] of the cost of the sign language interpreters provided to them during their depositions" as Defendant's application for the costs of interpreters during Plaintiffs' depositions is a surcharge in violation of Title III of the ADA.  *Id*. Under Title III of the ADA, public accommodations are prohibited from discrimination against an individual on the basis of disability regarding the full and equal enjoyment of the accommodations' goods, services, privileges, advantages, or

---

[38] As the depositions of Clarence Russell, Karen Russell, Barbara Achin and Mary Wilson took place on November 14, 2014 and invoice 179107 accounts for only one "Delivery Fee" of $20.00, it appears Defendant attributed one quarter of this expense to Mr. Russell (D.E. 198), one quarter of this expense to Ms. Russell (D.E. 206), one quarter of this expense to Ms. Achin (D.E. 193), and one quarter of the expense to Ms. Wilson (D.E. 213).

accommodations. 42 U.S. Code § 12182.  In accordance with Title III's mandate, The Department

of Justice implemented regulation 28 C.F.R. § 36.301(c), which states:

> A public accommodation may not impose a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids, barrier removal, alternatives to barrier removal, and reasonable modifications in policies, practices, or procedures, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.").

Title III's Regulation mirrors the language found in the Title II regulation cited in

*Gervarzes*, 28 C.F.R. § 35.130(f), which reads:

> A public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.

28 C.F.R § 35.130(f).

In *Gevarzes,* this Court determined that "while the language of [28 C.F.R. § 35.130(f)] does not explicitly cover the instant situation, in view of the underlying policy concerns inherent in the ADA and absent controlling authority on this point, any ambiguity should be interpreted in favor of Plaintiff." *Gevarzes*, No. 6:12-cv-1126-Orl-37DAB, 2014 U.S. Dist. LEXIS 195250, at *4-6 (M.D. Fla. Jan. 8, 2014).  While the *Gervarzes* Court considered that the costs of interpreters "might well be taxable" to Plaintiffs were Defendant not a public entity, Plaintiffs submit that because the purpose of Title II and Title III are the same and because both Titles have regulations prohibiting the placement of surcharges on individuals with disabilities to cover the costs of measures, such as the provision of sign language interpreters, that are required to provide individuals with the nondiscriminatory treatment required by the Acts, the

reasoning the Court applied in *Gervarzes* to a Title II entity naturally applies to a Title III public accommodation.[39]  Thus, the clerk improperly taxed against Plaintiffs the costs of American Sign Language interpreters and the Court should sustain Plaintiffs' objection.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court review the Bills of Cost taxed by the clerk against LOUIS SCHWARZ (D.E. 501), DORIS SCHWARZ (D.E. 490), JANICE HICKEY (D.E. 507), THOMAS HICKEY (D.E. 520), BERNIE BROWN (D.E. 496), ELIZABETH HOLST (D.E. 495), STEPHEN HOLST (D.E. 519), FRANCIS LANGLAIS (D.E. 509), ROBERT SMART (D.E. 516), RICHARD MCELWAIN (D.E. 513), BYRON ZIMMERMAN (D.E. 494), SHIRLEY ZIMMERMAN (D.E. 518), JOHN WILSON (D.E. 506), CHARLES MARTIN (D.E. 493), RANDALL WALKER (D.E. 512), EVELYN WALKER (D.E. 489), MAUREEN OSGOOD (D.E. 511), MARY KAYE PICKERING (D.E. 499), HERBERT PICKERING, (D.E. 508), ANDREW St. JOHN (D.E. 498), KAREN RUSSELL (D.E. 505), CLARENCE RUSSELL (D.E. 492), LINDA WOODS (D.E. 502), RICHARD WOODS (D.E. 515),

---

[39] Plaintiffs note that in *Sunderland v. Bethesda Hosp. Inc.*, the Southern District of Florida rejected this very argument on the basis that the Plaintiff's reliance on *Gevarzes* was defective as the Court in Gevarzes declined to award costs to Defendant "largely because the defendant was a public entity." *Sunderland v. Bethesda Hosp., Inc.*, No. 13-80685-CV, 2016 U.S. Dist. LEXIS 129138, at *17 (S.D. Fla. Sep. 20, 2016).  The *Sunderland* Court then cited to *Berke v. Fed. Bureau of Prisons*, 942 F. Supp. 2d 71, 80-81 (D.D.C. 2013) in support of its determination that because defendants were not public entities, costs for interpreter services were taxable pursuant to section 1920(6).  *Berke*, however, does not stand for the proposition that a prevailing defendant may recover costs for interpreter services provided to deaf plaintiffs, but rather, that prevailing deaf plaintiffs were entitled to recover the costs of sign language interpreters used for plaintiff's experts. *Id*. As such, Sunderland's reliance on *Berke* is misguided and this Court should not look to reasoning in Sunderland to award such costs to Defendant in this action.

LYNN STIRLING (D.E. 500), KATHLEEN MCELWAIN (D.E. 504), BARBARA ACHIN (D.E. 497), RONALD ACHIN (D.E. 517), DIANE St. JOHN (D.E. 491), KENNY HYNES (D.E. 503) and MARY WILSON (D.E. 510) and to enter an order vacating the costs as taxed and declining to tax said costs in their entirety, or in the alternative, reducing said costs.

Respectfully Submitted,

EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)

By:

/s/ Brittany Shrader_____
Brittany Shrader, Esq
bshrader@eandblaw.com

By:

/s/ Leah Wiederhorn_____
Leah Wiederhorn, Esq
lwiederhorn@eandblaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Frank Sheppard, Esquire, at fsheppard@rumberger.com; Sally Culley, Esq., at sculley@rumberger.com; Leonard J. Dietzen III, Esquire, at ldietzen@rumberger.com; John David Marsey, Esquire, at dmarsey@rumberger.com; Michael H. Bowling, Esquire, at mbowling@bellroperlaw.com; and Dale Allen Scott, Esquire, at dscott@bellroperlaw.com.

/s/Brittany Shrader, Esq.
Brittany Shrader
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
(212) 353-8700
bshrader@eandblaw.com
Attorneys for Plaintiffs