**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LOUIS SCHWARZ, et al.,**

    **Plaintiffs,**

**v.**                                          **Case No: 5:12-cv-177-Oc-34PRL**

**THE VILLAGE CENTER**
**COMMUNITY, et al.**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Plaintiffs, who are deaf individuals living in The Villages in Sumter County, brought this action under the Americans with Disabilities Act ("ADA") seeking damages and injunctive relief against several Defendants, including the Village Center Community Development District and Sumter Landing Community District ("the Districts"). The Districts prevailed on summary judgment and now seek reimbursement for their costs against each of the Plaintiffs. (Docs. 182, 191).[2] Plaintiffs now ask the Court to review those costs and deny them entirely or reduce them substantially. (Doc. 522). After review, the Court submits a judgment of costs is due to be entered against each of the Plaintiffs in the amounts set forth below, which excludes the costs for American Sign Language interpreters.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Costs as to the remaining defendant are not at issue here.

**I.     BACKGROUND**

After the entry of summary judgment in their favor, the Districts submitted proposed bills of costs against all thirty-one Plaintiffs. (Docs. 192–222). Once the remaining claims in this case had been resolved, the clerk taxed the proposed bills of costs. (Docs. 489–513, 515–20). Plaintiffs timely moved to review those costs as provided under Federal Rule of Civil Procedure 54(d)(1). (Doc. 522).

Initially, in addition to the costs for preparing Plaintiffs' depositions and providing sign language interpreters, the Districts sought other miscellaneous costs, such as those for condensing transcripts, delivering the transcripts, and exhibit fees. (Docs. 489–520). After Plaintiffs' filed their motion to review costs (where they challenged numerous fees sought by the Districts), the Districts withdrew their request for the miscellaneous fees, along with their request to be reimbursed for the deposition of Janet Tutt. (Doc. 53, App. 1). Currently, the Districts' only seek to tax the costs of the transcripts themselves (including the court reporter's appearance fee), and the costs of providing ASL interpreters (a total amount of $8,100).[3]

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Title 28 U.S.C. § 1920 defines the costs taxable under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes the taxing of:

(1) Fees of the clerk and marshal;
(2) *Fees for printed or electronically recorded transcripts necessarily obtained for use in the case*;

---

[3] As a result of a cost-sharing arrangement between the Districts and the other defendants in this case, the Districts did not pay appearance fees or interpreter's fees for each Plaintiff. Thus, the Districts only seek those costs as to specific plaintiffs accordingly. Although the result is a discrepancy between some plaintiffs, the discrepancy is minimal.

> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, *compensation of interpreters*, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphasis added).

The party seeking an award of costs bears the initial burden of submitting a request that enables a court to determine what costs were incurred by the party and in what amounts. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Once this showing is made, it is the losing party that bears the burden to demonstrate that the costs are not taxable. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). The losing party can meet its burden by providing "some rationale under which the court should not allow costs." *Geisler v. FedEx Ground Packaging Sys., Inc.*, No. 3:12-cv-1189, 2017 WL 4404442, at *3 (M.D. Fla. Aug. 28, 2017). If the court wishes to deny costs specifically authorized by § 1920, it must have a "sound basis" for declining to tax the costs. *See Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, "the word 'should' [in Rule 54] makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013).

### III. DISCUSSION

#### A. Costs of Deposition Transcripts

Costs of deposition transcripts "necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(2). *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The Districts' motion for summary judgment cited and relied on each deposition transcript, and the summary-judgment motion attached excerpts of the transcripts that the Districts seek to tax. (Doc. 131,

Exhibits 6–38). *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[U]se of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained . . . .").

Nonetheless, Plaintiffs argue that the Districts' costs for transcripts should be denied because the Districts failed to itemize their expenses in a way that allows the Court to determine which expenses were necessarily obtained for use in the case and which were merely obtained for convenience. *Cf. Liese v. Indian River Mem'l Hosp.*, No. 09-14388-Civ, 2011 WL 13112249, at *4 (S.D. Fla. May 24, 2011) (denying costs for copies where movant failed to itemize copying costs, preventing the court from determining which copies were necessary). They maintain as well that the Districts' requests contain numerous accounting errors that make determining the proper taxable costs impossible.

The Court is not persuaded. Each of the Districts' thirty-one bills of costs was completed using the form provided by the Clerk of Court for the Middle District of Florida and attached an invoice itemizing the costs of the transcript and sundry fees. (Docs. 489–513, 515–20). The invoices include line items for each fee. As stated above, the Districts now concede that not all of these fees are taxable, but the invoices contain sufficient detail to separate taxable from non-taxable costs. In addition, the invoices make it possible to verify the Districts' requested amounts and enter the proper amounts where the Districts appear to have made accounting errors. The Court submits, then, that the costs for each transcript along with the court-reporter fees are properly taxable under § 1920(2). Plaintiffs' objections to these costs are due to be overruled.[4]

---

[4] Plaintiffs do no challenge the court-reporter appearance fee, which is generally taxable. *See Smith v. Connor*, No. 8:12-cv-52, 2014 WL 1652419, at *1 (M.D. Fla. April 23, 2014), *aff'd sub nom. Smith v. Warden Hardee Corr. Inst.*, 597 Fed. App'x 1027, 1032 (11th Cir. 2015) (taxing appearance fees). The appearance of the court reporter at the deposition is necessary and directly related to preparing the transcript. *See Universal Physician Servs., LLC v. Zotto*, No. 8:16-cv-1274, 2017 WL 2560024, at *4

### B. Fees for ASL Interpreters

The issue of payment for ASL interpreters is somewhat more difficult. Section 1920(6) specifically authorizes the taxing of interpreter costs, including sign language interpreters, against a losing party. 28 U.S.C. § 1920(6); *see, e.g., Berke v. Fed. Bureau of Prisons*, 942 F. Supp. 2d 71, 80–81 (D.D.C. 2013) (holding that prevailing *plaintiff's* costs for ASL interpreters were recoverable). Plaintiffs do not dispute that the interpreters were necessary costs. Instead, Plaintiffs argue that the ADA prohibits the Districts from taxing ASL interpreter costs as a matter of law or, alternatively, that the Court should exercise its discretion to preclude those costs.[5] The Court is unpersuaded by the first argument, but inclined to agree with the second and recommend the denial of such costs, as an exercise of the Court's sound discretion.

As to the first argument, Plaintiffs rely on 28 C.F.R. § 36.301(c), which states that a "public accommodation may not impose a surcharge . . . to cover the costs of measures . . . that are required to provide that individual or group with [] nondiscriminatory treatment." Applied here, Plaintiffs argue that as deaf individuals, the Districts were required to provide them with ASL interpreters so that they could participate in their depositions, which were taken by the Districts in defense of the suit Plaintiffs brought. *See* 28 C.F.R. § 36.303(c) (requiring public accommodations to provide measures to ensure effective communication). Taxing the costs of ASL interpreters would, according to Plaintiffs, amount to "imposing a surcharge" on a required service in violation of the ADA. Plaintiffs do not, however, have a case that applies 28 C.F.R. § 36.301(c) in this

---

(M.D. Fla. May 24, 2017). Given the case law establishing that appearance fees are taxable and Plaintiffs' failure to challenge the appearance fees, the Court will include these amounts in the judgment of costs.

[5] As noted above, due to a fee sharing arrangement between the Districts and the other defendants, only certain Plaintiffs are actually challenging fees for the interpreters: Byron Zimmerman (Doc. 494), Doris Schwarz (Doc. 490), John Wilson (Doc. 506), Linda Woods (Doc. 502), Louise Schwarz (Doc. 501), Maureen Osgood (Doc. 511), Richard McElwain (Doc. 513), Shirley Zimmerman (Doc. 518), and Thomas Hickey (Doc. 520).

precise way—that is, precluding a winning party from obtaining interpreter costs as a matter of law.

In fact, the case that Plaintiffs rely on, *Gevarzes v. City of Port Orange*, actually notes that the surcharge regulation does not preclude litigation costs as a matter of law. No. 6:12-cv-1126, 2014 U.S. Dist. Lexis 195250, at *5–6 (M.D. Fla. Jan. 9, 2014) (Baker, J.). The court ultimately recommended the denial of the sign language interpreter costs based on its discretion. *Id.* The court acknowledged that the plaintiffs (like Plaintiffs here) did "not cite any case authority applying the ADA to prohibit an award of interpreter fees otherwise awardable under 28 U.S.C. §1920(6)," and further that the surcharge regulation did not explicitly cover costs in litigation. *Id.* Nonetheless, the court recommended the exclusion of such costs in light of the underlying policy concerns of the ADA. *Id.* The district judge agreed with that recommendation as an exercise of the court's discretion to decline the award of such costs. *See Gevarzes v. City of Port Orange*, No. 6:12-cv-1126, 2014 U.S. Dist. LEXIS 195249, at *2 (M.D. Fla. Feb. 14, 2014) (Dalton, J.).

The Southern District of Florida, more recently, declined to follow *Gevarzes* and allowed the taxation of costs against the plaintiffs for ASL interpreters under § 1920. *Sunderland v. Bethesda Hosp.*, No. 13-80685-civ, 2016 WL 7443342, at *1 (Oct. 12, 2016). The court noted the surcharge argument made by the plaintiffs there, but found the costs allowable, and awarded them, under the express language of § 1920(6). *Id.* The court did not, however, discuss whether it would or should exercise its discretion to preclude them. *Gevarzes* ultimately turned on the Court's discretionary authority to withhold costs otherwise taxable. *See Gevarzes*, 2014 U.S. Dist. Lexis at *2.

What these two cases reveal is that the ADA does not preclude the taxation of ASL interpreter costs, but that the court has discretion, nonetheless, to deny them. *See, e.g.*, *Gevarzes*,

2014 U.S. Dist. Lexis at *2. I am inclined to follow my colleagues and recommend the exercise of the Court's discretion to do so here as well.

Plaintiffs were compelled to file suit against multiple defendants because they were denied sign language interpreters for multiple services being offered in their community. Their claims were not frivolous. Indeed, given the degree of discovery needed to sort out ultimately which defendant was responsible for what and which was legally obliged to provide the services sought, it certainly seems misplaced (at a minimum) to allow the assessment of costs for the very thing this suit was brought to ensure. *See, e.g., Gevarzes*, 2014 U.S. Dist. Lexis at *2. As such, I submit that the Districts' request to tax costs for ASL interpreters be denied.[6]

## IV. RECOMMENDATION

Accordingly, I **RECOMMEND** that Plaintiffs' objections be **OVERRULED** in part and **SUSTAINED** in part. The clerk is directed to enter judgment for the amounts set as follows:

| Plaintiff | Transcript Costs | Appearance Fee | Total Costs |
|---|---|---|---|
| Andrew St. John (Doc. 498) | 288.35 | | 288.35 |
| Barbara Achin (Doc. 497) | 230.40 | | 230.40 |
| Bernie Brown (Doc. 496) | 517.45 | | 517.45 |
| Beth Holst (Doc. 495) | 312.05 | | 312.05 |
| Byron Zimmerman (Doc. 494) | 335.75 | 175.00[7] | 510.75 |
| Charles Martin (Doc. 493) | 230.40 | | 230.40 |
| Clarence Russel (Doc. 492) | 259.20 | | 259.20 |
| Diane St. John (Doc. 491) | 288.00 | | 288.00 |
| Doris Schwarz (Doc. 490) | 213.30 | 188.75[8] | 402.05 |

---

[6] This recommendation should not be read to suggest that costs should never be taxed for interpreters against a plaintiff seeking to enforce that right, as the recommendation here is simply based on the nature and circumstances of this particular litigation.

[7] The invoices provided by the Districts often assess a single appearance fee for a deposition where two Plaintiffs were present. In these situations, the Districts seek reimbursement for half of the fee from each of the two Plaintiffs present at the deposition. Here, for example, the $175 appearance fee taxed against Byron Zimmerman represents half of the $350 appearance fee charged to Byron Zimmerman and Shirley Zimmerman.

[8] Half of $377.50, charged to Doris Schwarz and Thomas Hickey.

| | | | |
|---|---|---|---|
| Evelyn Walker (Doc. 489) | 150.10 | | 150.10 |
| Francis Langlais (Doc. 509) | 321.60 | | 321.60 |
| Herbert Pickering (Doc. 508) | 268.80 | | 268.80 |
| Janice Hickey (Doc. 507) | 360.00 | | 360.00 |
| John Wilson (Doc. 506) | 268.60 | 188.75[9] | 457.35 |
| Karen Russell (Doc. 505) | 302.40 | | 302.40 |
| Kathleen McElwain (Doc. 504) | 494.40 | | 494.40 |
| Kenny Hynes (Doc. 503) | 268.80 | | 268.80 |
| Linda Woods (Doc. 502) | 197.50 | 130.00 | 327.50 |
| Louis Schwarz (Doc. 501) | 1,070.45 | 216.25[10] | 1286.70 |
| Lynn Stirling (Doc. 500) | 699.15 | | 699.15 |
| Mary Kay Pickering (Doc. 499) | 216.00 | | 216.00 |
| Mary Wilson (Doc. 510) | 249.60 | | 249.60 |
| Maureen Osgood (Doc. 511) | 300.20 | 216.25 | 516.45 |
| Randall Walker (Doc. 512) | 185.65 | | 185.65 |
| Richard McElwain (Doc. 513) | 304.15 | 188.75 | 492.90 |
| Richard Woods (Doc. 515) | 216.00 | | 216.00 |
| Robert Smart (Doc. 516) | 331.80 | | 331.80 |
| Ronald Achin (Doc. 517) | 268.80 | | 268.80 |
| Shirley Zimmerman (Doc. 518) | 173.80 | 175.00 | 348.80 |
| Stephen Holst (Doc. 519) | 254.40 | | 254.40 |
| Thomas Hickey (Doc. 520) | 237.00 | 188.75 | 425.75 |

**DONE** and **ORDERED** in Ocala, Florida on October 31, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[9] Half of 377.50, charged to John Wilson and Richard McElwain.
[10] Half of $432.50, charged to Louis Schwarz and Maureen Osgood.