# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

LOUIS SCHWARZ, et al.,

    Plaintiffs,

vs.                                          Case No. 5:12-cv-177-Oc-34PRL

THE VILLAGES CHARTER SCHOOL, INC.,
d/b/a The Villages Lifelong Learning
College, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 559; Report), entered on October 31, 2017. In the Report, Judge Lammens recommends overruling, in part, and sustaining, in part, Plaintiffs' objections to the costs taxed against them. See Report at 7. Specifically, Judge Lammens recommends taxing the costs for each deposition transcript and the court-reporter appearance fees against Plaintiffs, and not taxing the costs of American Sign Language (ASL) interpreters. See Report at 4, 7. On November 6, 2017, Defendants the Village Center Community Development District and the Sumter Landing Community Development District (collectively, the Districts) filed an objection to the Report. See Defendants' Objection, in Part, to the October 31, 2017 Report and Recommendation (Doc. 561; Objection). Plaintiffs filed a response on November 20, 2017. See Plaintiffs' Response in Opposition to the Districts' Objection to the Report and Recommendation (Doc. 564; Response). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

In the Objection, the Districts challenge Judge Lammens' determination that the ASL interpreter costs should not be taxed against Plaintiffs. See generally Objection. The Districts contend that Plaintiffs have not overcome the presumption that a prevailing party is entitled to recover the cost of interpreters. Id. at 3. Further, the Districts argue that the Court should not deny recovery for the cost of the ASL interpreters "in a litigation where the core determination was that the Districts were not obligated to pay for the costs of sign language interpreters for the Plaintiffs." Id. at 4. In response, Plaintiffs contend that for the public policy reasons explained in the Report, the Court should not tax the cost of ASL interpreters against them. See Response at 2.

Upon independent review of the Report, Objection, Response, and relevant authorities, the Court finds that the Report is due to be adopted as the opinion of the Court. In reaching this conclusion, the Court recognizes that under Rule 54(d) of the Federal Rules of Civil Procedure (Rule(s)), "there is a strong presumption that the prevailing party will be awarded costs." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). Such costs include "compensation of interpreters." See 28 U.S.C. § 1920(6). However, "[i]n

the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985). "[C]ourts typically employ a case-by-case approach in considering" objections to the taxation of costs. Nobles v. Rural Cmty. Ins. Servs., 490 F. Supp. 2d 1196, 1201 (M.D. Ala. 2007). Here, based on the circumstances of this case, the Court finds it appropriate to exercise its discretionary authority to deny recovery for the cost of ASL interpreters for the reasons set forth in the Report.

Thus, upon independent review, the Court finds that the Report is due to be adopted.[1] Accordingly it is hereby

**ORDERED:**

1. Defendants' Objection, in Part, to the October 31, 2017 Report and Recommendation (Doc. 561) is **OVERRULED**.

2. The Report and Recommendation (Doc. 559) of Magistrate Judge Lammens is **ADOPTED** as the opinion of the Court.

3. Plaintiffs' Motion to Review Bills of Cost (Doc. 522) is **GRANTED, in part, and DENIED, in part, as follows:**[2]

    a. The Motion is granted to the extent that Plaintiffs request that the Court not tax them for costs beyond the deposition transcripts and court reporters' appearances. The Motion is denied in all other respects.

---

[1] In doing so, the Court reads the citation to Doc. 53, App. 1 on page 2 of the Report to refer to Doc. 530, App. 1.

[2] Although in the Report, the Magistrate Judge recommends overruling, in part, and sustaining, in part, Plaintiffs' objection to the Bills of Cost, Plaintiffs filed a motion to review the Bills of Cost, rather than an objection.

4. The Clerk is directed to enter judgment for the amounts set as follows:

| Plaintiff | Transcript Costs | Appearance Fee | Total Costs |
|---|---|---|---|
| Andrew St. John (Doc. 498) | 288.35 | | 288.35 |
| Barbara Achin (Doc. 497) | 230.40 | | 230.40 |
| Bernie Brown (Doc. 496) | 517.45 | | 517.45 |
| Beth Holst (Doc. 495) | 312.05 | | 312.05 |
| Byron Zimmerman (Doc. 494) | 335.75 | 175.00[3] | 510.75 |
| Charles Martin (Doc. 493) | 230.40 | | 230.40 |
| Clarence Russel (Doc. 492) | 259.20 | | 259.20 |
| Diane St. John (Doc. 491) | 288.00 | | 288.00 |
| Doris Schwarz (Doc. 490) | 213.30 | 188.75[4] | 402.05 |
| Evelyn Walker (Doc. 489) | 150.10 | | 150.10 |
| Francis Langlais (Doc. 509) | 321.60 | | 321.60 |
| Herbert Pickering (Doc. 508) | 268.80 | | 268.80 |
| Janice Hickey (Doc. 507) | 360.00 | | 360.00 |
| John Wilson (Doc. 506) | 268.60 | 188.75[5] | 457.35 |
| Karen Russell (Doc. 505) | 302.40 | | 302.40 |
| Kathleen McElwain (Doc. 504) | 494.40 | | 494.40 |
| Kenny Hynes (Doc. 503) | 268.80 | | 268.80 |
| Linda Woods (Doc. 502) | 197.50 | 130.00 | 327.50 |
| Louis Schwarz (Doc. 501) | 1,070.45 | 216.25[6] | 1286.70 |
| Lynn Stirling (Doc. 500) | 699.15 | | 699.15 |
| Mary Kay Pickering (Doc. 499) | 216.00 | | 216.00 |
| Mary Wilson (Doc. 510) | 249.60 | | 249.60 |
| Maureen Osgood (Doc. 511) | 300.20 | 216.25 | 516.45 |

---

[3] The $175.00 appearance fee represents half of the $350 appearance fee charged to Byron Zimmerman and Shirley Zimmerman.

[4] The $188.75 appearance fee represents half of the $377.50 appearance fee charged to Doris Schwarz and Thomas Hickey.

[5] The $188.75 appearance fee represents half of the $377.50 appearance fee charged to John Wilson and Richard McElwain.

[6] The $216.25 appearance fee represents half of the $432.50 appearance fee charged to Louis Schwarz and Maureen Osgood.

| | | | |
|---|---|---|---|
| Randall Walker (Doc. 512) | 185.65 | | 186.65 |
| Richard McElwain (Doc. 513) | 304.15 | 188.75 | 492.90 |
| Richard Woods (Doc. 515) | 216.00 | | 216.00 |
| Robert Smart (Doc. 516) | 331.80 | | 331.80 |
| Ronald Achin (Doc. 517) | 268.80 | | 268.80 |
| Shirley Zimmerman (Doc. 518) | 173.80 | 175.00 | 348.80 |
| Stephen Holst (Doc. 519) | 254.40 | | 254.40 |
| Thomas Hickey (Doc. 520) | 237.00 | 188.75 | 425.75 |

**DONE AND ORDERED** in Chambers this 22 day of January, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc25
Copies to:
Counsel of Record

The Honorable Philip R. Lammens
United States Magistrate Judge